EVERS ᴇᴛ ᴀʟ. *v.* DWYER ᴇᴛ ᴀʟ.

No. 382.  Decided December 15, 1958.

*Robert L. Carter* for appellants.

*Walter Chandler, Allison B. Humphreys, Edward P. Russell* and *Charles M. Crump* for appellees.

Pᴇʀ Cᴜʀɪᴀᴍ.

Appellant, a Negro resident of Memphis, Tennessee, brought this class action in the Western Division of the United States District Court for the Western District of Tennessee, seeking a declaration as to his claimed constitutional right, and that of others similarly situated, to travel on buses within that City without being subjected, as required by Tenn. Code Ann., 1955, §§ 65–1704 through 65–1709, to segregated seating arrangements on account of race.  An injunction against enforcement of this stat-

ute or any other method of state-enforced segregation on Memphis transportation facilities was also sought. Various officials and officers of the City of Memphis, the Memphis Street Railway Company, and one of that Company's employees were named as defendants. After a hearing a three-judge District Court, without reaching the merits, dismissed the complaint on the ground that no "actual controversy" within the intendment of the Declaratory Judgment Act, 28 U. S. C. § 2201, had been shown, in that appellant had ridden a bus in Memphis on only one occasion and had "boarded the bus for the purpose of instituting this litigation," and was thus not "representative of a class of colored citizens who do use the buses in Memphis as a means of transportation."

Of course, the federal courts will not grant declaratory relief in instances where the record does not disclose an "actual controversy." *Public Service Comm'n v. Wycoff Co.*, 344 U. S. 237. In *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U. S. 270, 273, this Court said: "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In the present case we think that the record establishes the existence of an actual controversy which should have been adjudicated by the lower court.

The District Court found that when appellant boarded a Memphis bus on April 26, 1956, and seated himself at the front of the vehicle, the driver told him he must move to the rear, "stating that the law required it because of

[his] color"; that following appellant's refusal to comply, two police officers shortly thereafter boarded the bus and "ordered [appellant] to go to the back of the bus, get off, or be arrested"; and that thereupon appellant left the bus. The record further shows that the appellees intend to enforce this state statute until its unconstitutionality has been finally adjudicated. We do not believe that appellant, in order to demonstrate the existence of an "actual controversy" over the validity of the statute here challenged, was bound to continue to ride the Memphis buses at the risk of arrest if he refused to seat himself in the space in such vehicles assigned to colored passengers. A resident of a municipality who cannot use transportation facilities therein without being subjected by statute to special disabilities necessarily has, we think, a substantial, immediate, and real interest in the validity of the statute which imposes the disability. See *Gayle* v. *Browder,* 352 U. S. 903, affirming the decision of a three-judge District Court reported at 142 F. Supp. 707. That the appellant may have boarded this particular bus for the purpose of instituting this litigation is not significant. See *Young* v. *Higbee Co.,* 324 U. S. 204, 214; *Doremus* v. *Board of Education,* 342 U. S. 429, 434–435.

We hold that the court below erred in not proceeding to the merits. Accordingly, the judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*