**Jack JACOBS**

v.

**Leo J. SULLIVAN, as he is the Police Commissioner for the City of Boston and Garrett H. Byrne, as he is the District Attorney for the County of Suffolk, State of Massachusetts.**

**INTERSTATE NEWSDEALERS SUPPLY, INC., 1080 Hyde Park Avenue, Boston, Massachusetts.**

v.

**Leo J. SULLIVAN, as he is the Police Commissioner for the City of Boston and Garrett H. Byrne, as he is the District Attorney for the County of Suffolk, State of Massachusetts.**

**Nos. 61–263–J, 61–264–J.**

United States District Court
D. Massachusetts.

April 27, 1961.

Harold Katz, Kaplan & Katz, Boston, Mass., for plaintiffs.

John V. Bonner, Boston, Mass., for defendant Sullivan.

Joseph R. Nolan, Boston, Mass., for defendant Byrne.

Before HARTIGAN, Circuit Judge, and GIGNOUX and JULIAN, District Judges.

GIGNOUX, District Judge.

Plaintiffs brought the present actions in this Court to enjoin defendants from prosecuting criminal proceedings pending against them in the Suffolk County, Massachusetts, Superior Court,

charging them with violation of the Massachusetts obscenity statutes, G.L.Mass. c. 272 §§ 28A and 28B, and also to enjoin defendants from using as evidence in any criminal prosecution against plaintiffs certain papers, pamphlets, magazines and other materials allegedly seized by agents of defendants from the premises of the corporate plaintiff under the authority of search warrants issued pursuant to G.L.Mass. c. 276 § 1 by the West Roxbury, Massachusetts, Municipal Court. The complaints allege that G.L.Mass. c. 272 §§ 28A and 28B, and c. 276 § 1 are unconstitutional by virtue of the Fourteenth Amendment to the Constitution of the United States, and that the search and seizure conducted by defendants' agents was unreasonable and also in violation of the Fourteenth Amendment. The complaints further allege that motions for the suppression and return of the evidence have been filed by the plaintiffs in both the Massachusetts Municipal and Superior Courts. It does not appear, however, what, if any, action has been taken upon these motions by these Massachusetts courts.

A three-judge court has been convened pursuant to 28 U.S.C. §§ 2281 and 2284.

After hearing, we have concluded that the actions must be dismissed for failure of the complaints to state a claim upon which the relief sought can be granted. We therefore do not reach the constitutional questions urged by the plaintiffs.

■ A Federal District Court will not normally exercise its equitable discretion to interfere with the administration of criminal justice by the States, Stefanelli v. Minard, 1951, 342 U.S. 117, 120, 72 S.Ct. 118, 96 L.Ed. 138, especially when there are criminal proceedings already in progress. 28 U.S.C. § 2283; see 74 Harv. L.Rev. 726 (1961). Considerations of comity and the proper functioning of the federal system alone support this proposition. Wilson v. Schnettler, 365 U.S. 381, 81 S.Ct. 632, 5 L.Ed.2d 620; Pugach v. Dollinger, 2 Cir., 1960, 277 F.2d 739, affirmed per curiam, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678.

The instant complaints wholly fail to allege that the plaintiffs do not have a plain and adequate remedy at law in the State courts to redress any possible unconstitutionality or other illegality in the criminal proceedings pending against them in the Massachusetts courts, or in the use therein of the evidence seized by the State officers. Indeed, the allegations of the complaints affirmatively show that the State criminal proceedings are still pending against plaintiffs and that plaintiffs have already filed therein motions to suppress the evidence claimed to have been obtained by an unlawful search by the State officers. If these motions are overruled, and if plaintiffs are ultimately convicted of the charges against them in the State court, they may appeal to the Supreme Judicial Court of Massachusetts, and in the event their convictions are affirmed, they may seek review in the United States Supreme Court of any federal questions involved. Wilson v. Schnettler, supra; Douglas v. City of Jeannette, 1943, 319 U.S. 157, 163–164, 63 S.Ct. 877, 882, 87 L.Ed. 1324. The plaintiffs do not allege, nor do they attempt in any way to show, any exceptional circumstances sufficient to justify the "interposition of a court of equity to prevent irreparable injury which is clear and imminent * * *." Douglas v. City of Jeannette, supra, 319 U.S. at page 163, 63 S.Ct. at page 881. Wilson v. Schnettler, supra; Spielman Motor Sales Co. v. Dodge, 1935, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322. Compare Ex parte Young, 1908, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714.

We cannot regard the decisions in Evers v. Dwyer, 1958, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 or in Crown Kosher Super Market of Mass., Inc. v. Gallagher, D.C.D.Mass.1959, 176 F.Supp. 466, probable jurisdiction noted 1960, 362 U.S. 960, 80 S.Ct. 876, 4 L.Ed.2d 875 as detracting in any way from the vitality of these considerations for the ordinary case.

It is accordingly ordered that the actions be, and they hereby are, dismissed.