Hazel PALMER et al., Appellants,

v.

Allen C. THOMPSON, Mayor, City of Jackson et al., Appellees.

No. 23841.

United States Court of Appeals
Fifth Circuit.

Aug. 29, 1967.

L. H. Rosenthal, Jackson, Miss., Paul A. Rosen, Detroit, Mich., for appellants.

Thomas H. Watkins, E. W. Stennett, Jackson, Miss., for appellees.

Before RIVES, COLEMAN and GODBOLD, Circuit Judges.

RIVES, Circuit Judge.

Twelve Negro citizens and residents of Jackson, Mississippi, on their own behalf and "on behalf of the thousands of their fellow Negro citizens and residents * * * who are similarly situated because of race and color," filed a complaint against the Mayor and Commissioners of Jackson, its Police Chief, and its Director of Recreation, seeking to enjoin their allegedly discriminatory conduct. After joinder of issue and the filing of affidavits and stipulations showing the facts, the case was submitted to the district court for final decree on its merits. The court found that the plaintiffs were not entitled to any of the relief prayed and dismissed the complaint. On appeal, the plaintiffs seek review on two points stated in their brief as follows:

*"First Point*

"Where a local government closes its previously segregated public facilities to avoid a judgment declaring that Negroes have a right to use the facilities on an integrated basis, the closing violates the equal protection clause of the Constitution of the United States and Negro residents have a cause of action against the local government to compel re-opening of the facilities. The trial court erred in denying appellants' request for injunctive relief from appellees' discriminatory closing of the pools.

*"Second Point*

"Segregation of the races in municipal jails is forbidden by the Fourteenth Amendment. Where segregation of public facilities is pursuant to a state statute, such statute is unconstitutional as contrary to the Fourteenth Amendment, and the trial court erred in denying appellants' request to enjoin operation of such facilities in a segregated manner."

There seems to be no dispute as to the facts; certainly the findings of fact are not clearly erroneous. Rule 52(a), Fed.R.Civil P. As to the swimming pools, the district court found the facts as follows:

"The City of Jackson closed all swimming pools owned and operated by it in 1963, following the entry of a declaratory judgment by this Court in the case of Clark v. Thompson, 206 F.Supp. 539, affirmed 313 F.2d 637, cert. den. 376 [375] U.S. 951, 84 S.Ct. 440, 11 L.Ed.2d 312. No municipal swimming facilities have been opened to any citizen of either race since said time, and the City Council does not intend to reopen or operate any of these public swimming facilities on an integrated basis. The personal safety of the citizens of the City and the maintenance of law and order would be endangered by the operation of public swimming pools on an integrated basis. These pools could not be economically operated in that manner. Although closed, the swimming facilities owned by the City are being properly maintained. In addition to closing the swimming facilities owned by it, the City cancelled its lease covering the Leavell Woods swimming pool in 1964."

The district court's conclusions of law relating to the operation of the swimming pools were:

"The plaintiffs have no constitutional right to require the City of Jackson to maintain or operate specific facili-

ties such as swimming pools, benches in parks, or public rest rooms in any particular building. Any public facility furnished by the City would have to be available to all citizens regardless of race. As to whether any particular facility will be furnished, the City officials exercise judgment on a matter committed to their wisdom which is not subject to review by any Court in the absence of violation of constitutional rights. City of Montgomery v. Gilmore, U.S.C.A. 5th, 277 F.2d 564 [364]; Lagarde v. Recreation & Park Commission, D.C.La., 229 F. Supp. 379. No person has a constitutional right to swim in a public pool. Tonkins v. City of Greensboro, D.C. N.C., 162 F.Supp. 549. Where a public facility is closed to members of all races, any issue as to discrimination becomes moot. Clark v. Flory, U.S. C.A. 4th, 237 F.2d 597; Wood v. Vaughan, D.C.Va., 209 F.Supp. 106; Walker v. Shaw, D.C.S.C., 209 F.Supp. 569."

■ The appellants urge that the City may not abandon the operation of public swimming pools to prevent them from being desegregated, and that to do so is contrary to the teaching of Mulkey v. Reitman, 1966, 64 Cal.2d 529, 413 P.2d 825, aff'd, May 29, 1967, U.S. No. 483, Oct. Term 1966, and of Griffin v. County School Board of Price Edward County, 1964, 377 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256. In our opinion, the holding in neither of these two cases extends so far as to prevent the City from closing its swimming pools when they cannot be operated economically or safely as integrated pools.

The basic holding in Mulkey v. Reitman, *according to our understanding*, was that the State had become significantly involved in private discriminations against Negroes concerning residential housing. In *Griffin* the Supreme Court held that,

"For reasons to be stated, we agree with the District Court that, under the circumstances here, closing the Prince Edward County schools while public schools in all the other counties of Virginia were being maintained denied the petitioners and the class of Negro students they represent the equal protection of the laws guaranteed by the Fourteenth Amendment." 377 U.S. at 225, 84 S.Ct. at 1230.

The Court further held that, "Accordingly, we agree with the District Court that closing the Prince Edward schools and meanwhile contributing to the support of the private segregated white schools that took their place denied petitioners the equal protection of the laws." 377 U.S. at 232, 84 S.Ct. at 1234. Neither those cases nor any other authority can permit a federal court to require a city to operate public swimming pools when to do so would endanger the personal safety of the city's citizens and the maintenance of law and order.[1]

The district court's findings of fact as to the City jail were as follows:

"Separate facilities and accommodations for white and Negro prisoners are maintained in the City jail. Such a separation in the jail is necessary for the maintenance of proper discipline and for the safety and protection of prisoners of both races. There is no discrimination between the races as to the quality of the facilities afforded in the jail. None of the plaintiffs was an inmate of the municipal jail at the time this action was filed, and none of them has been an inmate of said jail at any time since said date."

The conclusions of law relating to the operation of the City jail were:

"The plaintiffs lack standing to enjoin the operation of jail facilities on a segregated basis where none of them is an occupant of said facilities. Bailey v. Patterson, 369 U.S. 31, 82 S.Ct.

---

[1.] We further agree with the finding of the district court that no racial discrimination was involved in the City's cancellation of its lease covering the Leavell Woods swimming pool.

549, 7 L.Ed.2d 512; McCabe v. Atchison T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Brown v. Board of Trustees, U.S.C.A. 5th, 187 F.2d 20; Kansas City, Mo., et al. v. Williams, et al., U.S.C.A. 8th, 205 F.2d 47; Clark v. Thompson, D.C.Miss., 206 F.Supp. 539, affirmed [5 Cir.] 313 F.2d 637, cert. den. 11 L.Ed.2d 312, 376 [375] U.S. 951, 84 S.Ct. 440.

"The City is required by Section 3374–135, Mississippi Code of 1942, to provide separate facilities for prisoners with respect to race and sex. Federal Courts are reluctant to interfere in the administration of state prisons. United States ex rel. Wagner v. Ragen, 7 Cir., 213 F.2d 294; Adams v. Ellis, 5 Cir., 197 F.2d 483; Curtis v. Jacques, D.C., 130 F.Supp. 920; and United States ex rel. Yaris v. Shaughnessy, D.C., 112 F.Supp. 143. No one has a constitutional right to integrated jail facilities, and same may be operated on a segregated basis where separation is deemed necessary for the maintenance of proper discipline and for the safety of the prisoners. Nichols v. McGee, D.C.Calif., 169 F.Supp. 721, appeal dismissed 80 S.Ct. 90, 361 U.S. 6, 4 L.Ed.2d 52; Bryant v. Harrelson, D.C.Tex., 187 F.Supp. 738; United States ex rel. Morris v. Radio Station WENR, U.S.C.A. 7th, 209 F.2d 105; and Tabor v. Hardwick, U.S.C.A. 5th, 224 F.2d 526."

We agree with the district court that the appellants-plaintiffs lack standing to challenge the segregated operation of the City jail.[2] The thrust of the complaint aims at the alleged segregated operation of public recreational facilities in Hinds County, Mississippi. Appellants carefully show that they brought the "action on their behalf and on behalf of thousands of their fellow Negro citizens * * * who are racially segregated and discriminated against by the defendants * * * in the use and enjoy-

ment of public recreational facilities in Hinds County, Mississippi."

Thereafter in the complaint, the appellants list numerous public facilities, among them parks, city auditoriums, swimming pools, and the City jail, alleging that each was operated on a segregated basis. Injunctive relief prohibiting the segregated operation and management of each facility was requested. As noted at the beginning of this opinion, only the relief in regard to the swimming pools and the City jail is before this Court.

■■ It is clear that though standing is alleged for those persons who are discriminated against in the use of recreational facilities, there is a prayer for relief in non-recreational areas. Standing to enjoin discrimination in the operation of non-recreational facilities must be apparent from the complaint. Normally a person cannot challenge the constitutionality of a statute unless he shows that he himself is injured by its operation. See Barrows v. Jackson, 1953, 346 U.S. 249, 255, 73 S.Ct. 1031, 97 L.Ed. 1586, and cases cited in footnote 3 of that opinion. That case further holds that, "even though a party will suffer a direct substantial injury from application of a statute, he cannot challenge its constitutionality unless he can show that he is within the class whose constitutional rights are allegedly infringed." Barrows v. Jackson, supra, at p. 256, 73 S.Ct. at 1035.

To qualify under these broad principles, a person seeking relief has been required to show "past use of the facilities, where feasible, and a right to, or a reasonable possibility of future use." Singleton v. Board of Commissioners, 5 Cir. 1966, 356 F.2d 771, 773. In Bailey v. Patterson, 1962, 369 U.S. 31, 32–33, 82 S.Ct. 549, 550, 7 L.Ed.2d 512, the Supreme Court held:

"Appellants lack standing to enjoin criminal prosecutions under Mississip-

---

**2.** The law as to whether the City may racially segregate the prisoners in its jail probably will be settled when the Su-

preme Court decides the case of Lee v. Washington, No. 75 on its 1967–68 Appellate Docket.

pi's breach-of-peace statutes, since they do not allege that they have been prosecuted or threatened with prosecution under them. They cannot represent a class of whom they are not a part."

In McCabe v. Atchison, T. & S. F. R. Co., 1914, 235 U.S. 151, 163, 35 S.Ct. 69, 59 L.Ed. 169, the Court noted that the complaints were too vague and indefinite to warrant relief because none of the plaintiffs alleged that he was denied any rights, that he was injured in any manner, or that he had been discriminated against on account of his race. Specifically the Court held (at p. 162, 35 S.Ct. at p. 71) that

"The complainant cannot succeed because someone else may be hurt. Nor does it make any difference that other persons who may be injured are persons of the same race or occupation. It is the fact, clearly established, of injury to the complainant—not to others—which justifies judicial intervention."

■ The need for showing future use by the complainant is often waived where the person has been injured or aggrieved by his use of the facilities in the past. Mitchell v. United States, 1941, 313 U.S. 80, 61 S.Ct. 873, 85 L.Ed. 1201; Evers v. Dwyer, 1958, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222; Anderson v. City of Albany, 5 Cir., 1963, 321 F.2d 649. What seems to be clear from the cases is (1) that the party must have been aggrieved and (2) that either he or the class of which he is a member may be aggrieved by the use of the segregated facility.

■ The problem becomes complex when we consider desegregation of jails. Unlike recreational facilities, such as swimming pools and parks, or service facilities, such as buses, jails are not places which most people seek or normally expect to use or occupy. It seems, therefore, that only the person who presently is incarcerated or is threatened by government officials with incarceration is a person (1) who has been aggrieved and (2) who is a person or a member of a class that may be aggrieved in the future by the operation of segregated jails.

■■ The language in Evers v. Dwyer, supra, 358 U.S. at p. 204, 79 S.Ct. at p. 179, applies to citizens in general who wish to use public facilities:

"A resident of a municipality who cannot use transportation facilities therein without being subjected by statute to special disabilities necessarily has, we think, a substantial, immediate, and real interest in the validity of the statute which imposes the disability."

There is no need to show future use by the complainant in that situation. A prison case presents a different problem, one more properly controlled by Bailey v. Patterson, supra. For as Judge Tuttle noted in Anderson v. City of Albany, supra, 321 F.2d at 653, the Supreme Court's statement in *Bailey* that "they cannot represent a class of whom they are not a part" shows that some classes who are denied rights because of race may be limited to just certain individuals of that race. All members of the particular race are not automatically members of the deprived class simply because they are of the same race as the members of the class. McCabe v. Atchison, T. & S. F. R. Co., 1914, 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169. All Negroes are not members of the class consisting of Negro prisoners and those Negroes threatened with imprisonment.[3]

---

3. There are exceptions to the standing rules. In exceptional circumstances, where it would be difficult, if not impossible, for persons whose rights are being denied to present their grievances to the courts, a third party may raise another's rights. Griswald v. State of Connecticut, 1965, 381 U.S. 479, 481, 85 S.Ct. 1678, 14 L.Ed.2d 510; Barrows v. Jackson, 1953, 346 U.S. 249, 257, 73 S.Ct. 1031, 97 L.Ed. 1586; Pierce v. Society of Sisters, 1925, 268 U.S. 510, 45 S.Ct. 571, 69 L.Ed. 1070. This case offers no exceptional circumstances which would allow the appellants to present the grievance of those who are confined or threatened to be confined in the allegedly segregated City jail.

■ The appellants did not allege that they were confined in the City jail at the commencement of this action or have been threatened with incarceration.[4] Appellants have not shown that they are within a class whose right to a nonsegregated jail has been denied or will be denied. Certainly, pleadings may be liberally construed, Lewis v. Brautigam, 5 Cir. 1955, 227 F.2d 124, 55 A.L.R.2d 505; Beard v. Stephens, 5 Cir. 1967, 372 F.2d 685; but here we find no foundation upon which standing as to the jail issue may be based.

The judgment of the district court is Affirmed.

4. In Singleton v. Board of Commissioners, 5 Cir. 1966, 356 F.2d 771, 774, we carefully noted that the plaintiffs there were subject to the probationary jurisdiction of the Board of Commissioners of State Institutions and the juvenile court:

"The plaintiffs' probationary status brings them well within the future-use requirement for standing."