Andrew **DYMYTRYSHYN** et al.,
Plaintiffs,

v.

P. A. **ESPERDY**, District Director of the New York District of the Immigration and Naturalization Service at New York, N. Y., Defendant.

No. 66 Civ. 2375.

United States District Court
S. D. New York.

June 12, 1968.

See also D.C., 285 F.Supp. 511.

John J. Abt and Ira Gollobin, New York City, for plaintiffs.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for defendant; Francis J. Lyons, Sp. Asst. U. S. Atty., Southern District of New York, of counsel.

Before KAUFMAN, Circuit Judge, and METZNER and POLLACK, District Judges.

METZNER, District Judge.

Plaintiffs, against whom final orders of deportation have been entered, seek a declaratory judgment and injunctive relief against the orders of supervision issued by the defendant. It is their contention that the statutory provisions under which these orders were issued are violative of the Fifth and Sixth Amendments and the bill of attainder clause in Article I, § 9, of the Constitution. They further contend that the provisions of the orders of supervision are not reasonably related to the availability of plaintiffs for deportation and are therefore not authorized by § 242(d) of the Immigration and Nationality Act (8 U.S.C. § 1252 (d)). Both parties move for summary judgment.

§ 242(d) provides that if a final order of deportation has been outstanding against an alien for more than six months the Attorney General shall prescribe regulations for the supervision of such aliens. A wilful failure to comply with an order issued pursuant to such regulations subjects the alien to criminal sanctions of fine and imprisonment.

Two plaintiffs were ordered deported in 1951, two in 1952, one in 1953 and one in 1958. Each order was based on a finding that the individual was an alien who after entry into the United States had been a voluntary, knowing member of the Communist Party. The validity of these orders of deportation is not challenged in this proceeding.

The Service has been unable to effect the deportation of the plaintiffs and they have thus been subjected to the orders of supervision as provided in § 242(d).

▆▆ Judicial review of the order of deportation is limited to the administrative record and the order is conclusive "if supported by reasonable, substantial and probative evidence on the record considered as a whole." § 106(a) (4) and (6). Review is had either by petition to the Court of Appeals (§ 106(a) and 28 U.S.C. § 2341 et seq.) or if such review has not been sought, then by motion in a criminal proceeding against an alien charged with violation of a supervision order (§ 106(a) (6)). Such motion must be heard and determined by the court before a jury trial of the criminal charge.

On an earlier application by some of these plaintiffs, the Court of Appeals ordered that a provision of the then existing orders of supervision be modified, but reserved for a three-judge district court under 28 U.S.C. § 2282 the claimed unconstitutionality of § 242(d) "in that it imposes criminal sanctions on an alien's failure to comply with orders designed to further his deportation, but does not require the United States to prove at the criminal trial the alien's deportability." Siminoff v. Esperdy, 267 F.2d 705, 707 (2d Cir. 1959).

Following the suggestion of the Court of Appeals, this action was instituted and on motion made by plaintiffs and concurred in by the defendant a three-judge court was convened.

▆ The three-judge court was properly convened upon a reading of the complaint and the determination that the constitutional questions raised were substantial. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). However, after reviewing the case on the merits, we have come to the conclusion that the plaintiffs presently before us lack the requisite standing and ripeness to precipitate the adjudication of the constitutional issues raised. The provision they attack is essentially a rule of criminal procedure, establishing a standard of proof and delineating the jury's province in prosecutions for violation of supervision orders. Yet these plaintiffs have neither violated their supervision orders, which have been in effect for many years, nor asserted any immediate intention of doing so. There is no immediate threat of prosecution. Any criminal prosecutions against them are purely hypothetical. Cf. Evers v. Dwyer, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958). To grant plaintiffs standing to raise this question would open any rule of criminal procedure to attack by anyone, on the

theory that a hypothetical criminal prosecution against him might someday be governed by such rule. Clearly, a more immediate interest is required.

Plaintiffs' reliance upon such cases as Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); United Steelworkers v. Bagwell, 383 F.2d 492 (4th Cir. 1967), and Heckler v. Shepard, 243 F.Supp. 841 (D.Idaho 1965), is misplaced for two reasons. First, in each of those cases there was a proposed form of conduct which was inhibited or a prosecution threatened that affected First Amendment freedoms. The doctrine of "chilling effect" enunciated in *Dombrowski* has not been extended to situations like the present one in which the plaintiffs neither propose acts which might violate a criminal statute nor have been subjected to actual threat of prosecution—the injury is a mere possibility, a speculation. See Note, Declaratory Relief in the Criminal Law, 80 Harv.L.Rev. 1490, 1506 and 1508 (1967). Second, and more important, the plaintiffs in all of those cases were attacking the constitutionality of statutes which directly regulated their conduct. Here, the plaintiffs do not dispute the right of the Attorney General to regulate their conduct by issuing supervision orders nor his right to prosecute them for violations of such orders. They attack only the procedure which would be used if they were prosecuted. Even if the doctrine of *Dombrowski* is extended, it is doubtful that the procedure authorized by § 106(a) alone adds substantially to any chilling effect on plaintiffs' enjoyment of their rights. We hold that the constitutional attack on § 242(d) is not ripe for adjudication upon the motion of these plaintiffs.

■ The plaintiffs also assert that § 242(d) constitutes a bill of attainder as applied to them, since it imposes criminal sanctions upon deportable aliens and they have been found deportable solely because of their past membership in the Communist Party. Even assuming that this assertion is properly presented to us, because it attacks the criminal prescription itself, we cannot accept it on the merits. Plaintiffs rely on United States v. Brown, 381 U.S. 437, 85 S.Ct. 1707, 14 L.Ed.2d 484 (1965), which held a provision imposing criminal sanctions upon labor union officials who were Communist Party members to be a bill of attainder. But the rule of *Brown* is not sufficiently broad to reach this case. There, the specification of Communists in the statute served only the function of defining those who were charged with a crime. In the present case, the class defined is that of all deportable aliens and a specific act in violation of admittedly valid orders is required before criminal sanctions are imposed. The reason for deportability is not in issue in such a proceeding. What plaintiffs really attack here is the determination of deportability premised solely upon party membership, an argument already rejected by the Supreme Court. Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954).

■ Since we have rejected both of plaintiffs' constitutional arguments, we are presented with the question of the proper disposition of plaintiffs' nonconstitutional challenge to the scope of the supervision orders. We think this issue should be determined by the single judge who convened this court. The three-judge court statutes must be read "not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such." Phillips v. United States, 312 U.S. 246, 251, 61 S.Ct. 480, 483, 85 L.Ed. 800 (1941). Cf. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). The Supreme Court has not favored bypassing review by the Court of Appeals and we see no reason in the policies behind § 2282 why plaintiffs should have direct immediate review by the Supreme Court on the issue of the validity of the supervision orders.

Accordingly, we grant summary judgment for the defendant on the constitutional issues before the three-judge court for the reasons stated, and remand to the single judge for determination as to the

propriety of the supervision orders. Plaintiffs' motion for summary judgment on these issues is denied. Judgment will be entered accordingly.

It is so ordered.