Beth L. NAPRSTEK et al., Plaintiffs,

v.

The CITY OF NORWICH et al., Defendants.

Civ. A. No. 75–CV–41.

United States District Court, N. D. New York.

Jan. 14, 1976.

Faith A. Seidenberg, and Clifford Forstadt, N. Y. Civil Liberties Union, Central N. Y. Chapter, Syracuse, N. Y., for plaintiffs.

Edward J. Lee, City Atty., Norwich, N. Y., and Singer & Singer, Greene, N. Y. (Sidney H. Singer, Greene, N. Y., of counsel), for defendants.

## OPINION

MacMAHON, District Judge.*

Plaintiffs move for summary judgment, pursuant to Rule 65, Fed.R.Civ.P., in this action to declare unconstitutional and to enjoin further enforcement of a curfew ordinance of the City of Norwich, which prohibits all children under the age of 17 from being on the streets or in any public place past a certain hour in the evening.[1] Invoking the Civil Rights

---

* Of the Southern District of New York, sitting by designation.

1. Curfew Ordinance, Norwich, New York Code, Chapter 26, provides:

"§ 26–1. Hours of curfew.

All children under the age of seventeen (17) years are hereby forbidden to be upon the streets or in any public places or buildings of the City of Norwich, after 11:00 in the evening Sunday, Monday, Tuesday, Wednesday and Thursday, and 12:00 midnight of Friday and Saturday, unless accompanied by the parent, guardian or other adult person having care and custody of the minor.

Act, 42 U.S.C. § 1983, and its jurisdictional counterpart, 28 U.S.C. § 1343, the ordinance is challenged as a violation of the First and Fourteenth Amendments. Plaintiffs bring this action on their own behalf as parents and on behalf of their children, minors under the age of 17, as well as all others similarly situated.

The ordinance forbids all children under the age of 17 from being on the streets or in a public place in the evening past 12:00 Midnight on Friday or Saturday, and past 11:00 P.M. on other nights, unless they are accompanied by a parent, guardian or other adult person having care and custody of the minor. Parents or persons having custody are forbidden to permit such children from being on the streets past the designated hour. Any parent, guardian or relative who violates the ordinance is subject to a fine.

■ As a preliminary matter, we must dismiss this action as against defendant City of Norwich, for it is well established that a municipality is not a "person" within the meaning of 42 U.S.C. § 1983.[2]

We must next consider whether the named plaintiffs have standing to bring this action, and this depends on whether they have shown a personal stake in the outcome of this suit sufficient to assure the concrete adverseness necessary to a federal action.[3] Defendants contend that the named plaintiffs lack the actual or threatened injury necessary to given them standing[4] since the ordinance has never been enforced against them. Plaintiffs contend that the ordinance proscribes the conduct which they wish to pursue and, therefore, interferes directly with their enjoyment of a constitutionally guaranteed right, thereby causing them to have suffered and to continue to suffer injury.

■ Although a mere allegation of "subjective chill" on constitutional rights does not satisfy the standing requirement,[5] it is not necessary for a petitioner to expose himself to arrest or prosecution in order to bring suit in a federal court.[6] A plaintiff may challenge the constitutionality of an ordinance, although he has not been arrested or threatened with arrest, as long as there is no question that the ordinance prohibits plaintiff's intended conduct and the ordinance has been applied to parties in circumstances identical to that of the plaintiff.[7]

■ There is no question as to the application of the curfew ordinance. The prohibition is simple; children under the age of 17 cannot be on the streets past a certain hour. Plaintiff minors wish to be on the streets past that time, and plaintiff parents want to allow them that freedom. To deny standing would require plaintiffs to violate the law in order to bring suit. Moreover, plaintiffs

§ 26–2. Parents and guardians.

All parents or any person having the care and custody of any child under the age of seventeen (17) years are hereby forbidden to permit such child or children to be upon the streets or in any of the public buildings or places of the city after the hours above mentioned unless such child is accompanied by said parent, guardian or other adult person having the care and custody of the minor. § 26–3. Violations and penalties.

Any parents, guardians or relatives violating the provisions of this section will be punished by a fine of not more than twenty-five dollars ($25) for each separate offense, and each violation of this section shall constitute a separate offense."

2. *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

3. *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962).

4. *Linda R. S. v. Richard D.,* 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973).

5. *Laird v. Tatum,* 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972).

6. *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Evers v. Dwyer,* 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958).

7. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975); *Salem Inn, Inc. v. Frank,* (2d Cir., 1975); *Bykofsky v. Borough of Middletown,* 389 F.Supp. 836 (M.D.Pa. 1975).

claim that obedience to the law requires them to give up a right guaranteed by the constitution. Therefore, they have suffered a direct and immediate injury. Finally, the ordinance was enacted in 1920 and has been applied in original or amended form since that time. Plaintiffs have standing to bring this suit.

 Although this court has given complete consideration to plaintiffs' constitutional claims, the vagueness of the curfew ordinance requires that we abstain from adjudication of plaintiffs' claims. Abstention is a doctrine that allows a federal court to defer adjudication of an action within its jurisdiction when the meaning of a state statute is uncertain and a construction by a state tribunal would modify the constitutional issues presented.[8] The doctrine serves the interests of avoiding premature or unnecessary decisions, as well as leaving to the state resolution of unsettled questions of state law and preventing needless conflict between the state and the federal judiciary.

Although purporting to define the period within which a minor's use of the streets is restricted, the ordinance fails to include the time when the curfew is terminated. Section 26–1 states only that the curfew is to begin at 11:00 P.M. or midnight. It does not specify when the curfew is to end. All minors may, therefore, be in continuing violation of the ordinance regardless of what time they are about the streets and public places of Norwich. Alternatively, if a midnight termination time is to be inferred from the use of the word "evening," the ordinance may be susceptible to violation only between 11:00 P.M. and midnight on Sunday, Monday, Tuesday, Wednesday and Thursday nights. Given the importance of the constitutional issues raised, deference to the state for its interpretation of this ambiguous ordinance is warranted.[9]

In light of all the circumstances, it appears that the interests of judicial economy and of the litigants would best be served by abstaining from further proceedings in this action until there has been an authoritative and definitive construction of the challenged ordinance by a state tribunal.

Accordingly, this action is dismissed as to defendant, The City of Norwich, and as to the remaining defendants this action is closed statistically and placed in suspense. The Clerk is directed to submit a JS–6 Form to the Administrative Office of the United States Courts.

So ordered.

---

8. *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972); *Railroad Comm'n v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).

9. *Harrison v. NAACP*, 360 U.S. 167, 178, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959).