**LYNCHBURG FOUNDRY COMPANY, Plaintiff,**

v.

**UNITED STEELWORKERS OF AMERICA, AFL–CIO et al., Defendants.**

Civ. A. No. 75–0045(L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

Feb. 2, 1976.

Bernard C. Baldwin, Jr., Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, Lynchburg, Va., and Robert J. Brown, Smith & Schnacke, Dayton, Ohio, for plaintiff.

Robert H. Stropp, Jr., Cooper, Mitch & Crawford, Birmingham, Ala., and J. Samuel Johnston, Jr., Kizer, Phillips, Petty & Mosby, Lynchburg, Va., for defendants.

## OPINION and JUDGMENT

DALTON, District Judge.

Plaintiff is a Virginia corporation with plants located in Lynchburg and Radford, Virginia where it is engaged in the manufacture of foundry products. Defendants are unincorporated labor organizations and respectively are parties to separate collective bargaining agreements governing the labor relations at each plant. These agreements (hereinafter called the "Lynchburg" and "Radford" agreements) are in effect from May 1, 1973 through April 30, 1976.

In July of 1974 defendant Steelworkers on its behalf and on behalf of Local 2556 of Lynchburg and Local 2969 of Radford requested a meeting with plaintiff to negotiate changes in the seniority provisions for the respective "Lynchburg" and "Radford" agreements. While not reaching an agreement for the replacement provisions of these respective agreements, plaintiff and defendants did allegedly agree that certain sections of each agreement concerning seniority were void. However subsequently defendants refused to execute a written agreement amending the "Lynchburg" and "Radford" agreements to delete these provisions.

Plaintiff now seeks a declaratory judgment pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to declare these provisions void. Defendant has filed a motion to dismiss the complaint asserting that this court lacks jurisdiction over the subject matter of this action and that plaintiff's complaint fails to state a claim upon which relief can be granted. For reasons stated hereinafter, this court disagrees and overrules defendants' motion to dismiss.

§ 301 of the Labor Management Relations Act reads:

"Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organization, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

The purpose of this law is to authorize federal courts to fashion a body of federal law from our national labor laws in order to enforce collective bargaining agreements. *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957). The clear trend of authority is that mandate may be accomplished through the vehicle of declaratory relief as well as injunctive relief or monetary damages. *Textile Workers v. Lincoln Mills, supra* at 457, 77 S.Ct. at 923, 1 L.Ed.2d at 980; *El Paso Building and Construction Trades Council v. El Paso Chapter, Associated General Contractor*, 376 F.2d 797, 800 (5th Cir. 1957); *Black-Clawson Company, Inc. v. International Association of Machinists*, 313 F.2d 179 (2nd Cir. 1962), *Local Union # 28, International Brotherhood of Electrical Workers v. Maryland Chapter*, 194 F.Supp. 491 (D.Md.1961). Of course as in any action where a declaratory judgment is sought, the court must first ascertain that a clear and ripe controversy exists. *Evers v. Dwyer*, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958). In the case at hand, the plaintiffs are asserting that on the basis of certain oral negotiations, the collective bargaining agreements for the Lynchburg and Radford

plants have been modified to exclude specific provisions concerning seniority. The defendants apparently are asserting these provisions remain valid. When a union and an employer differ over the existence of the rights of employees established by a collective bargaining agreement, then a cognizable cause of action appears to exist. *Humphrey v. Moore,* 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), *Smith v. DCA Food Industries, Inc.,* 269 F.Supp. 863 (D.Md. 1967), *Mobil Oil Corp. v. Oil, Chemical and Atomic Workers Int'l. Union,* 483 F.2d 603 (5th Cir. 1973), modified on other grounds, 5 Cir., 504 F.2d 272 (1974).

▪ In *Mobil Oil, supra,* the employer sought a declaration that the agency shop clause of the collective bargaining agreement violated the state right to work law. The union had indicated its intent to have the employment of any unlicensed seaman terminated who did not join or pay dues to the union. The court concluded that a substantial controversy existed between diametrically opposed interests. For similar reasons here, this court concludes that the parties to the "Lynchburg" and "Radford" agreements have evidenced an intent to treat the seniority provision differently. Thus there is a clear controversy which this court may adjudicate.

▪ Defendants' final argument is that this court's jurisdiction has been pre-empted by the action of the plaintiff in filing unfair labor practice charges against defendants with the National Labor Relations Board. This doctrine of pre-emption was first formulated in *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). There, the Supreme Court announced that

"When an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ." 359 U.S. at 245, 79 S.Ct. at 780, 3 L.Ed.2d at 783.

However due to the harsh consequences of the *Garmon* holding, there has been a gradual erosion of the principle. *Local 174, Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1963), *Smith v. Evening News Ass'n,* 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), *Motor Coach Employees v. Lockridge,* 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473 (1971), *William E. Arnold Co. v. Carpenters District Council of Jacksonville and Vicinity,* 417 U.S. 12, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974).

§ 301 of the Labor Management Relations Act represents a firm Congressional policy that the federal judiciary ought to resolve violations of collective bargaining agreements and that such violations should not be made unfair labor practices which would arguably be subject to the jurisdiction of the National Labor Relations Board, *Charles Dowd Box Co., Inc. v. Courtney,* 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962). Yet even when a violation of a collective bargaining agreement is concededly an unfair labor practice, still the Congressional mandate prevails and the federal courts may exercise concurrent jurisdiction. *Smith, supra* 371 U.S. at 197, 83 S.Ct. 268, 9 L.Ed.2d at 249, *Lockridge, supra* 403 U.S. at 274, 91 S.Ct. 1909, 29 L.Ed.2d 473, *Arnold, supra* 417 U.S. at 16, 94 S.Ct. at 2072, 40 L.Ed.2d at 625. Accordingly, this court having found there to be a potential violation of a collective bargaining agreement at issue in this case, this court herein accepts jurisdiction under 29 U.S.C. § 185. Defendants' motion to dismiss is denied.

The clerk is directed to send a certified copy of this opinion to counsel of record.