AC and S, INC.

v.

The AETNA CASUALTY AND SURETY COMPANY, the Travelers Indemnity Company, the Travelers Insurance Company.

Civ. A. No. 80–1341.

United States District Court,
E. D. Pennsylvania.

Oct. 3, 1980.

512

Richard G. Schneider, Philadelphia, Pa., for plaintiff.

Richard K. Masterson, Norristown, Pa., for Aetna.

John J. Tinaglia, Philadelphia, Pa., for Travelers.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Justiciability of claims presented in federal court depends upon the existence of a "case or controversy". *Williams v. Zbaraz,* —— U.S. ——, 100 S.Ct. 2701, 65 L.Ed.2d 831 (1980), *Nashville, Chattanooga & St. Louis Railroad v. Wallace,* 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730 (1933), U.S. Const. Art. III, § 2. The proper exercise of judicial power under Article III requires a "real and substantial controversy admitting of specific relief through a decree of a conclusive character". *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617, (1937). *See also Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) and *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Resolution of the matter must affect the rights of the litigants. *North Carolina v. Rice, supra, Oil Workers Unions v. Missouri,* 361 U.S. 363, 80 S.Ct. 391, 4 L.Ed. 373 (1960). That is, the dispute must be "definite and concrete ... [and] touch[ ] the legal relations of parties with adverse legal interests", *Aetna Life Insurance Co. v. Haworth,* 300 U.S. at 240–41, 57 S.Ct. 461, 463–64, 81 L.Ed. 617, *Preiser v. Newkirk, supra,* for courts lack power to decide abstract propositions or to render opinions "advising what the law would be on a hypothetical state of facts". *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 240–41, 57 S.Ct. 461, 81 L.Ed. 617, *Federal Communications Commission v. Pacifica Foundation,* 438 U.S. 726, 98 S.Ct. 3026, 57 L.Ed.2d 1073 (1978), *Preiser v. Newkirk, supra, Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969), *Bell v. Maryland,* 378 U.S. 226, 84 S.Ct. 1814, 12

L.Ed.2d 822 (1964). *See also Wilkinson v. Abrams*, 627 F.2d 650, (3d Cir. 1980). Where a plaintiff requests declaratory relief the same standard applies, *Golden v. Zwickler*, 394 U.S. 103, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969), *United Public Workers of America v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947), and the ultimate inquiry becomes

> whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Golden v. Zwickler*, 394 U.S. at 108, 89 S.Ct. at 959, quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941). *See also Evers v. Dwyer*, 358 U.S. 202, 79 S.Ct. 178, 3 L.Ed.2d 222 (1958) and *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). Admittedly, the difference between an abstract proposition and a "case or controversy" is "one of degree". *Golden v. Zwickler*, 394 U.S. at 108, 89 S.Ct. at 959. Hence, a litmus test to make this determination has never been forged. To issue a declaratory judgment, the Court must exercise sound discretion. *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962), *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

In *Maryland Casualty Co. v. Pacific Coal & Oil Co., supra*, the insurer issued to the insured a liability policy in which it agreed to indemnify the insured for any sums the insurer might be required to pay to third parties. During the pendency of the policy a collision occurred between the insured's employee and a third party who instituted suit in state court to recover damages. Meanwhile the insurer filed suit in federal court and claimed that the truck driven by the insured's employee was not one "hired by the insured" and, therefore, not within the terms of the insurance policy. The insured sought a declaratory judgment to this effect. Similarly, in *Aetna Life Insurance Co. v. Haworth, supra*, the insurer issued to the insured five policies of insurance upon his life. Several years later the insured ceased payment of premiums and claimed disability benefits under the policies. The insurer sought a declaratory judgment that the policies were null and void by virtue of non–payment of premiums. In both cases the Supreme Court found that the situations called for "adjudication of *present* rights upon *established facts*" and concluded that a "case or controversy" existed. *Id.* at 42, 57 S.Ct. at 464 (emphasis added).

In contrast, the case at bar involves neither established facts nor an adjudication of present rights. In Count One plaintiff, a manufacturer of asbestos–related products, requests the Court to declare Aetna's duty to indemnify and defend plaintiff in every action involving exposure to asbestos at any time during the periods which Aetna provided coverage. Aetna limits the obligation to circumstances where an asbestos–related disease or injury manifested itself during the policy period. Plaintiff admits that it has been named as a defendant in over eight hundred lawsuits among myriad federal and state courts. None of those parties presently appear before the Court. *See Nashville, Chicago & St. Louis Railroad v. Wallace, supra.* Each insured received various insurance policies which were in effect at various times. The Court does not have before it a concrete dispute in which a plaintiff asks the Court to determine whether the facts of his case fall within the coverage of one or more of those liability insurance policies. Instead, plaintiff urges the Court to draw conclusions concerning liability policies in general without reference to a particular claimant with an actual problem. *Cf. St. Paul Fire & Marine Insurance Co. v. United States Fire Insurance Co.*, No. 79–3020 (E.D.Pa. September 16, 1980) (declaratory judgment action between two insurance companies seeking a determination as to which one owed coverage to a mutual insured who had been sued for slander). Thus, the instant case is unlike situations where the insured is confronted with a demand to make payment to a particular

individual, *Lake Carriers Association v. MacMullen*, 406 U.S. 498, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972), or where a person demands payment of a claim as of right or where payment has been objected to but made. *Altvater v. Freeman*, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450 (1943).

Moreover, issuing a declaratory judgment will not necessarily terminate the controversy generating this lawsuit. *See Public Service Commission of Utah v. Wycoff Co., supra.* Finally, "[t]he *actuality* of plaintiff's need for the declaration of his rights is ... of decisive importance." *Eccles v. Peoples Bank of Lakewood Village,* 333 U.S. 426, 432, 68 S.Ct. 641, 644, 92 L.Ed. 784 (1948) (emphasis added). *Cf.* Declaratory Judgment Act, 28 U.S.C. § 2201 ("[i]n a case of *actual* controversy ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration ...") (emphasis added). Until someone makes demand of plaintiff for payment, plaintiff has no *actual* need for a determination of whether the applicable policy provides coverage vis–a–vis an exposure or manifestation basis. In short, without an individual claimant, injured at a particular place and time, manifesting specific asbestos–related injuries and seeking damages from plaintiff and a denial by Aetna to defend and indemnify plaintiff, a decision by this Court would comprise nothing more than a constitutionally impermissible advisory opinion. Accordingly, Aetna's motion to dismiss Count One will be granted.

■ As to Travelers' crossclaim, which seeks a judgment declaring, *inter alia*, that all insurance carriers on the risk from the date of a particular claimant's first exposure to asbestos products to the date of the claim or suit, whichever first occurs, are obligated to provide coverage on a pro rata basis proportioned to the length of time their respective policies were in effect, the same reasoning applies. Accordingly, Aetna's motion to dismiss the crossclaim will be granted.

■ One final matter concerning Count One requires attention. Travelers contends that Aetna lacks standing to move for dismissal of Travelers' counterclaim against plaintiff. Assuming for present purposes that Aetna has no standing, the Court nonetheless retains a duty to monitor the adequacy of federal jurisdiction. *See Mount Healthy Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) and *Liberty Mutual Insurance Co. v. Wetzel,* 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Whether plaintiff makes out a "case or controversy" within the meaning of Article III comprises the "threshold question in every federal case, determining the power of the court to entertain the suit". *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). To hold, on the one hand, that plaintiff's claims are not justiciable, but that, on the other hand, Travelers' counterclaim *is*, would be anomalous at best. Therefore, Travelers' counterclaim will be dismissed.

As a consequence of these determinations, Counts Two and Three, alleging that Aetna breached its contract with plaintiff by failing to provide reasonably competent claims, handling services and acting in bad faith and with reckless disregard of its insured's rights, must be dismissed, too. Whether Aetna provided competent services or acted in bad faith depends on whether the involved insurance policies should be interpreted to mean "exposure" or "manifestation" type coverage, a question which presently is not justiciable. Accordingly, Aetna's motion to dismiss the complaint and the crossclaim will be granted. The Court on its own motion notes the lack of justiciability and, therefore, jurisdiction as to Travelers' counterclaim and will dismiss it as well. An appropriate order will be entered.