IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

FILED

October 4, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

CYNTHIA D. GENTRY,

      Plaintiff-Appellant,

Vs.

LINDA RUDOLPH, Commissioner
of the Tennessee Department of
Human Services,

      Defendant-Appellee.

Davidson Chancery # 94-2563
C.A. No. 01A01-9504-CH-00155

FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

THE HONORABLE C. ALLEN HIGH, CHANCELLOR

Rural Legal Services of Tennesse, Inc.
William Bush of Cookeville, For Appellant

Charles W. Burson, Attorney General and Reporter
Lisa A. Yacuzzo, Assistant Attorney General
For Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

W. FRANK CRAWFORD, JUDGE

CONCUR:

HEWITT P. TOMLIN, JR.,
PRESIDING JUDGE, W.S.

ALAN E. HIGHERS, JUDGE

Plaintiff, Cynthia D. Gentry, appeals from the order of the chancery court that affirmed the final administrative order of the Department of Human Services (DHS). The controversy in this case arose from the receipt by Mrs. Gentry's husband of a lump sum social security disability payment in July, 1991. At the time of the payment, Mrs. Gentry was the recipient of Aid for Dependent Children (AFDC) benefits. DHS determined that the lump sum payment constituted income sufficient to render Mrs. Gentry ineligible for AFDC benefits for a period of four months. Mrs. Gentry was notified by DHS that her benefits would be terminated for four months because of the receipt of the lump sum social security payment. DHS also sent Mrs. Gentry a termination notice which stated:

> If you think we made a mistake on your application or your benefits, you can have a chance to tell us why at a fair hearing. This is your right to appeal. At the fair hearing, a different person will hear why you think we are wrong. You also can meet with a supervisor to discuss the action(s) taken on your application or benefits. . . . To get a fair hearing, contact the Human Services Office within ninety days of the date of this notice . . . You can file an appeal directly to the state office of the Department of Human Services. The county office will help you to do this. For free legal help contact your local legal aid office at [legal aid name and address].

After receiving the notice of termination, Mrs. Gentry received AFDC checks for August and September, 1991, but returned the checks to DHS uncashed. In July, 1993, DHS informed Mrs. Gentry that it had made over-payments of AFDC benefits because of the lump sum payment in 1991. Ms. Gentry timely requested a fair hearing concerning the claim of over-payments. On August 11, 1993, DHS informed Mrs. Gentry's attorney that this claim would be purged because Mrs. Gentry did not cash the checks. Subsequently, on

2

August 18, 1993, DHS sent Mrs. Gentry another notice of an over payment in the amount of $264.00 that was made to Mrs. Gentry during the time that she was ineligible for benefits. Mrs. Gentry also sought a fair hearing regarding that over-payment. Prior to the hearing, DHS notified Mrs. Gentry that it was suspending the claim and did not intend to pursue collection of the claim in the future.

By letter dated August 13, 1993, Mrs. Gentry's attorney notified DHS that Mrs. Gentry claimed an under-payment of AFDC benefits by virtue of the termination of her payments in 1991 due to the lump sum payment. DHS responded that Mrs. Gentry could not appeal the termination of the AFDC benefits in 1991 because she did not request an appeal within 90 days as required by regulation.

An administrative hearing was held on May 2, 1994, concerning the over-payment. After the hearing, the initial order determined that the over-payment issue was moot, because the claim was suspended and there was no intention to enforce collection. As to Mrs. Gentry's claim of wrongful termination of benefits in 1991, the order states:

> The Appellant says in the affidavit, "I did not file a written appeal request from the August 1991 notice of AFDC cut off because the Jackson County Department of Human Services caseworker's statement gave me the impression that it would do no good.
>
> Mr. Bush stated that the Appellant did not file a written request for appeal. He immediately questioned the Jackson County caseworker if the Appellant contacted the County Office within 90 days of the August 1991 AFDC notice of cut-off. the Jackson County worker stated that Mrs. Gentry, the Appellant, has never contacted her regarding a request to appeal. Mr. Bush then asked the caseworker if Mrs. Gentry had any other contact with the County Office and the caseworker answered him that "yes, she comes in periodically for her reviews."

The DHS final order, entered June 27, 1994, "adopts the decision of the

3

hearing officer and incorporates the findings of fact and conclusions of law contained in the initial order entered on the 16th day of June, 1994, as though fully set out therein."

Mrs. Gentry filed a complaint in the Davidson County Chancery court seeking judicial review of DHS's suspension of its over-payment claim and refusal to reimburse her for under-payment of AFDC benefits. Upon review of the entire administrative record and argument of counsel, the chancery court found "that the matter of the over-payment of $254.00 was moot because the department had pledged not to collect it and the matter of the under-payment was barred by the failure of the plaintiff to appeal the closure of her AFDC case in a timely manner." The chancery court's order confirmed the final administrative order and dismissed the plaintiff's complaint seeking judicial review.

Mrs. Gentry's brief presents four issues for review, but we think that these issues can be combined into two determinative issues. The first issue is whether the trial court erred in affirming the final administrative order which held that the claim for over-payment was moot because the DHS did not seek repayment. Mrs. Gentry argues that the appeal regarding the over-payment is not moot because she could possibly be subject to future collection efforts by DHS.

Mrs. Gentry overlooks the fact that there is no present collection effort. In *LaRouche v. Crowell*, 709 S.W.2d 585 (Tenn. App. 1985), the Court stated:

> Using terms like "mootness", "justiciability", and "actual case or controversy" rather indiscriminately and interchangeably, courts have drawn the line on deciding hypothetical, academic or abstract questions. Even under a statute making the equitable action for a declaratory judgment available to courts in general, T.C.A. § § 29-14-101-113 (1980), there must still be a showing of a "'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.'" *Evers v. Dwyer*, 358 U.S. 202, 204, 79 S.Ct. 178, 179, 3 L.Ed.2d 222 (1959) (quoting

4

> *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).
>
> If, because of the passage of time a case has lost its character as a present, live controversy, or the questions involved have been deprived of their practical significance, the courts have refused to decide them because they are then "moot" or "academic." *See Perry v. Banks*, 521 S.W.2d 549, 550 (Tenn. 1975).

709 S.W.2d at 587.

It is clear in the case *sub judice* that DHS is making no collection effort, and therefore, there is no "live controversy" between the parties. The chancellor did not err in affirming the final administrative order in this regard.

The second issue for review is whether the chancery court erred in affirming the DHS determination that Mrs. Gentry's claim for under-payment of AFDC benefits was barred by failure to appeal in a timely manner. The right of AFDC recipients to a hearing when their benefits are affected is controlled by 45 C.F.R. 205.10, which provides in pertinent part:

> (5) An opportunity for a hearing shall be granted to any applicant who requests a hearing because his or her claim for financial assistance (including a request for supplemental payments under §§ 233.23 and 233.27) is denied, or is not acted upon with reasonable promptness, and to any recipient who is aggrieved by any agency action resulting in suspension, reduction, discontinuance, or termination of assistance . . . .
>
>       \*        \*        \*
>
> (i) A request for a hearing is defined as a clear expression by the claimant (or his authorized representative acting for him), to the effect that he wants the opportunity to present his case to higher authority.
>
> (ii) The freedom to make such a request shall not be limited or interfered with in any way. The agency may assist the claimant to submit and process his request;
>
> (iii) The claimant shall be provided reasonable time, not to exceed 90 days, in which to appeal an agency

5

action;

45 C.F.R. § 205.10 (1992).

The record is clear and uncontested that Mrs. Gentry determined that she would not seek a hearing of the decision to terminate the AFDC payment. She stated in her affidavit that she did not appeal because she thought an appeal would be futile. Nothing was heard from Mrs. Gentry until approximately two years later when DHS indicated its intention to collect an alleged over-payment. There is substantial and material evidence that Mrs. Gentry did not "clear[ly] express[ ]" her request to "present her case to [a] higher authority" within 90 days of the termination of her AFDC benefits. The record supports the commissioner's determination; thus, the trial court did not err in affirming that decision.

The order of the trial court affirming the final order and dismissing the complaint for judicial review is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary and costs of appeal are assessed against the appellant.

_____
W. FRANK CRAWFORD, JUDGE

CONCUR:


_____
HEWITT P. TOMLIN, JR.,
PRESIDING JUDGE, W.S.


_____
ALAN E. HIGHERS, JUDGE