**Lyndon H. LaROUCHE, Jr., et al.,
Plaintiffs-Appellants,**

v.

**Gentry CROWELL, Secretary of State
for the State of Tennessee,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

July 11, 1985.

Application for Permission to Appeal
Denied by Supreme Court
Sept. 23, 1985.

Passino & Delaney by Robert L. DeLaney, Nashville, for plaintiffs-appellants.

W.J. Michael Cody, Atty. Gen. and Reporter, Michael W. Catalano, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

The issue in this case is whether the appellant's action to require the Tennessee Secretary of State to place his name on the ballot for the 1984 Democratic Presidential Preference Primary became moot after the primary and was properly dismissed by the Trial Court.

State law provides for a Presidential Preference Primary to be held the first Tuesday in May in presidential election years. Tenn.Code Ann. § 2–5–205(1) (1979). Candidates may obtain a place on the ballot by two avenues. First, by the action of the Secretary of State if he, in his sole discretion, determines that a candidate is advocated or recognized in the national news media throughout the United States. Or, alternatively, by a petition signed by 2,500 registered voters of the party whose nomination is sought. Tenn.Code Ann. § 2–5–205(2)(1979).

In March of 1984, the Secretary of State refused the appellant's request to be placed on the ballot for the Democratic Presidential Preference Primary pursuant to T.C.A. § 2–5–205(1). The appellant did not attempt to get on the ballot by petition; instead, he brought this action on March 27, 1984, seeking a declaration that his name should be placed on the ballot and a

mandatory injunction directing the Secretary of State to place his name thereon. The complaint alleges that the appellant met the criteria for inclusion on the ballot pursuant to T.C.A. § 2–5–205(1) and that the statute as applied resulted in a violation of his constitutional rights. The Chancellor denied the request for immediate relief and the election passed. On September 18, 1984, the Chancellor dismissed the action holding that the question had become moot.

On appeal, the appellant takes issue with that determination.

■ Using terms like "mootness", "justiciability", and "actual case or controversy" rather indiscriminately and interchangeably, courts have drawn the line on deciding hypothetical, academic or abstract questions. Even under a statute making the equitable action for a declaratory judgment available to courts in general, T.C.A. §§ 29–14–101–113 (1980), there must still be a showing of a " 'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.' " *Evers v. Dwyer*, 358 U.S. 202, 204, 79 S.Ct. 178, 179, 3 L.Ed.2d 222 (1959) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)).

If, because of the passage of time a case has lost its character as a present, live controversy, or the questions involved have been deprived of their practical significance, the courts have refused to decide them because they are then "moot" or "academic." *See Perry v. Banks*, 521 S.W.2d 549, 550 (Tenn.1975).

We think that is the posture of the present case. As the Chancellor succinctly stated in the final decree:

Other than seeking a taxation of costs to the defendant and seeking general relief, the plaintiffs' complaint filed on March 27, 1984 seeks three types of relief: (1) A temporary restraining order prohibiting printing of the ballots; (2) an injunction ordering the Secretary of State to place LaRouche on the ballot; and (3) a judgment declaring LaRouche

"to be a proper candidate to appear on the Tennessee Presidential Primary Election ballot." The only claim conceivably still remaining is the last one—a declaration that LaRouche is a proper candidate to appear on the ballot.

The 1984 primary election has already been conducted and all questions relating to that election are moot. Whether LaRouche will attempt to be placed on the ballot in 1988 and, indeed, whether there will even be a presidential preference primary in Tennessee in 1988, are matters of pure conjecture and speculation, not appropriate for declaratory judgment.

■ Thus, unless there is an exception to the "mootness bar," this case should be dismissed.

■ Our courts have recognized two exceptions in cases where the questions are otherwise moot. The first occurs in a case which involves a matter of "great public interest." *Walker v. Dunn*, 498 S.W.2d 102 (Tenn.1972). In *New Riviera Arts Theatre v. State*, 219 Tenn. 652, 412 S.W.2d 890 (1967), the rule is defined in the following terms:

While the rule that this Court will not decide a moot question is applicable when the question for determination affects only rights and claims personal to the parties, an exception is well recognized when interest of a public character and of importance in the administration of justice generally are involved. *McCanless v. Klein*, 182 Tenn. 631, 188 S.W.2d 745 (1945). Because the question involves a determination of public rights or interests under the conditions which may be repeated in the future, we will consider the question.

219 Tenn. at 658, 412 S.W.2d at 893.

We think the present case is one primarily involving personal rights rather than rights of great public concern. It is true that the right to vote is one of the most valuable rights secured by our constitution, but this case is about the rights of Mr. Larouche, an individual. It does not affect

a large segment of the voting public. Therefore, we do not think this case fits within the first exception.

The second exception involves a case where the action invading a right is capable of repetition yet will evade review if not addressed by the courts. *See State ex rel. Anglin v. Mitchell,* 596 S.W.2d 779, 782 (Tenn.1980); *Perry v. Banks,* 521 S.W.2d 549 (Tenn.1975). The federal courts applied this exception to numerous cases involving ballot access and the right to vote. *See American Party of Texas v. White,* 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974); *Rosario v. Rockerfeller,* 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973); *Kay v. Austin,* 621 F.2d 809 (6th Cir.1980). The object sought by affording review in a case otherwise moot, is a clarification of the law that will settle some dispute that is likely to arise in the future. Thus, a decision that voters should have been allowed to vote in last year's election is a determination that they are eligible to vote in future elections, absent some change of circumstances. A decision that a candidate met certain legal requirements, such as age or residency, or that a law keeping a candidate off the ballot is unconstitutional, settles those questions for future elections.

The same is not true with respect to Mr. LaRouche in the present case. A decision that he was a candidate advocated or recognized in the national news media throughout the United States in 1984, and should have been placed on the ballot, settles nothing on those same questions in 1988. He may spend the next three years in obscurity and approach 1988 with little or no recognition as a serious candidate.

We think the present case is governed by the decision of our Supreme Court in *Perry v. Banks,* 521 S.W.2d 549 (Tenn.1975). There, the question was whether one had to be a lawyer to serve as County Judge of Knox County. When the balloting resulted in the election of a lawyer over two non-lawyers, the Supreme Court decided that the question had become moot and dismissed the appeal. If that case was not saved by the "capable of repetition yet evading review" doctrine when non-lawyers are likely to stand for election for county judge in the future, we think it ineluctably follows that this one should be dismissed.

 There are other questions raised by the appellant regarding the failure of the Trial Judge to require the Secretary of State to submit to discovery. We think these questions are now moot (we apologize for the use of this term) in view of our decision that the Chancellor was correct in dismissing the case.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.