IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2009 Session

## JOHNNY HATCHER, JR. v. CHAIRMAN, SHELBY COUNTY ELECTION COMMISSION, ET AL.

Direct Appeal from the Chancery Court for Shelby County
No. CH-07-160A-3/1604-3     Kenny Armstrong, Chancellor

No.  W2008-01727-COA-R3-CV - Filed May 29, 2009

Appellant, a candidate for the Memphis City Council, filed suit against his opponent and the members of the Shelby County Election Commission, seeking a declaratory judgment that his opponent was not a qualified candidate and to enjoin the Commission from including his opponent's name on the election ballot.  Following the election, the trial court dismissed Appellant's complaint as being moot.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right.; Judgment of the Chancery Court Affirmed

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S, and HOLLY M. KIRBY, J., joined.

Darrell J. O'Neal, Memphis, Tennessee, for the Appellant, Johnny Hatcher, Jr.

Elbert Jefferson, Jr., Jack L. Payne, Jr., Memphis, Tennessee, for the Appellees, Shelby County Election Commission

### OPINION

Appellant Johnny Hatcher, Jr. was a candidate for the District 4 City Council position in the City of Memphis Election, which was held on October 4, 2007.  Wanda M. Halbert was the only other candidate for that position.  At the time of the election, Ms. Halbert held the position of Board Commissioner At-Large Position 1 with the Memphis City School Board.  Ms. Halbert was issued a petition to run for the District 4 City Council position on April 20, 2007, and she filed her petition to run for the District 4 seat on July 18, 2007.

At the August 2, 2007 special meeting of the Shelby County Election Commission, which was called to certify the October 4, 2007 City of Memphis Municipal Election ballot, Mr. Hatcher voiced his complaint that Ms. Halbert was not a qualified candidate. On August 14, 2007, Mr.

Hatcher filed a Complaint for Declaratory and Injunctive relief against Ms. Halbert and the five members of the Shelby County Election Commission, Myra Styles, Richard L. Holden, O.C. Pleasant, Jr., Nancy Hines, and Shep Wilburn (together with Ms. Halbert, "Appellees").[1]  Therein, Mr. Hatcher asserts that Ms. Halbert was ineligible to run or to be elected to the Memphis City Council because she held a seat on the Memphis City School Board at the time of the filing of her petition to run.  Mr. Hatcher further asserts that Appellees were in violation of the Memphis City Charter, specifically Section 17, Article 5, which provides, in part that "...no person shall be eligible to a seat in either Board of the Legislative Council...who holds any office or agency under the City of Memphis, County of Shelby, or State of Tennessee...."  Based upon these assertions, Mr. Hatcher asked the court to enjoin the Commission from including Ms. Halbert's name on the October 4, 2007 ballot.  On August 29, 2007, the members of the Shelby County Election Commission filed their answer.  Ms. Halbert filed an answer on October 2, 2007.   On September 18, 2007, Mr. Hatcher petitioned the court for a temporary restraining order and preliminary injunction seeking to stop the October 4, 2007 election.  After hearing arguments, the trial court denied Mr. Hatcher's request for immediate relief.

While Mr. Hatcher's complaint was pending, the Memphis municipal elections were held on October 4, 2007.  A total of 17,942 votes were cast for the City Council District 4 position.  Ms. Halbert received a total of 14,314 (or 79.78%) of the votes cast.  Mr. Hatcher received a total of 3,586 (or 19.99%) of the votes.  On October 15, 2007, the Commission certified the election results.  On December 31, 2007, Ms. Halbert resigned from her position on the Memphis City School Board, and, on January 1, 2008, Ms. Halbert was inaugurated in her position as City Councilwoman.

On January 14, 2008, Appellees filed a motion to dismiss Mr. Hatcher's complaint.  As grounds for the motion, Appellees assert that Mr. Hatcher fails to state a claim upon which relief can be granted, and that his complaint is moot.  The motion was heard on May 30, 2008.  By order of July 15, 2008, the trial court dismissed Mr. Hatcher's complaint for mootness.  Mr. Hatcher appeals and raises two issues for review as stated in his brief:

> 1.  Whether the trial court erred when it dismissed the Appellant's complaint for declaratory and injunctive relief on a theory of mootness.
>
> 2.  Whether the trial court erred when it failed to determine the eligibility of Wanda Halbert for the position of Memphis City Council District 4 pursuant to the Memphis City Charter.

A motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted is the equivalent of a demurrer under our former common law procedure and thus is a test of the sufficiency of the leading pleading. *See Cornpropst v. Sloan*, 528 S.W.2d 188, 190 (Tenn.1975). The motion admits the truth of all relevant and material averments in the

---

[1] The members of the Shelby County Election Commission were sued in their official capacities only.

complaint but asserts that the statements do not constitute a cause of action. *See id.* at 190. In considering whether to dismiss a complaint for failure to state a claim, the court should construe the complaint liberally in favor of the plaintiff, taking all of the allegations of fact therein as true. *See Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn.1975). A complaint should not be dismissed upon such a motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Fuerst v. Methodist Hospital South*, 566 S.W.2d 847, 848 (Tenn.1978).

The Tennessee Declaratory Judgments Act, Tenn. Code Ann. §§ 29-14-101-113 (2008), makes the equitable remedy of declaratory judgment available to courts; however, in order for such remedy to lie, there must be a showing of a "'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.'" *Evers v. Dwyer*, 358 U.S. 202, 204, 79 S.Ct. 178, 179, 3 L.Ed.2d 222 (1959) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). If, because of the passage of time, a case has lost its character as a present, live controversy, or the questions involved have been deprived of their practical significance, the courts have refused to decide them because they are then "moot" or "academic." See *Perry v. Banks*, 521 S.W.2d 549, 550 (Tenn.1975).

As set out in his Complaint, Mr. Hatcher seeks the following relief: (1) a judgment declaring Ms. Halbert to be an "invalid candidate," and (2) an injunction keeping the Commission from placing Ms. Halbert's name on the ballot. Since Mr. Hatcher filed his complaint on August 14, 2007, there has been an election, the voters have elected Ms. Halbert by almost 80% of the vote, Ms. Halbert has resigned her position with the Memphis City School Board, Ms. Halbert has been inaugurated into her position as City Councilwoman, and Ms. Halbert has performed her duties in that office since the inauguration. The trial court reached the conclusion that these events had changed the posture of Mr. Hatcher's case so as to render it moot.

In a similar case, *Perry v. Banks*, 521 S.W.2d 549 (Tenn. 1975), suit was filed to obtain a declaratory judgment as to the eligibility of two candidates to hold the office of county judge. The Chancery Court held that the office was to be filled by a person "learned in the law" and, though permitting individuals to remain on the ballot, enjoined issuance of a certificate of election in the event that either non-lawyer candidate should win. One of the candidates and members of the county election commission appealed. Upon review, our Supreme Court held that the issue of whether the court was correct in ruling that candidates for office of county judge were required to be lawyers was rendered moot by the fact that the candidates had, in fact, been defeated in their attempt to obtain the office in the general election. Likewise, in the case at bar, the Memphis municipal election was held on October 4, 2007, and Mr. Hatcher was defeated in his bid for City Council.

In *LaRouche v. Crowell*, 709 S.W.2d 585 (Tenn. Ct. App. 1985), a candidate petitioned the court for: (1) a temporary restraining order prohibiting printing of the ballots; (2) an injunction ordering the Secretary of State to place LaRouche on the ballot; and (3) a judgment declaring LaRouche "to be a proper candidate to appear on the Tennessee Presidential Primary Election

ballot." After the election occurred, the trial court dismissed Mr. LaRouche's action as moot. On appeal, this Court affirmed the trial court, finding that the issue of whether the Secretary of State should have placed a candidate's name on the ballot became moot after the primary election had occurred. *Id.* We conclude that both the *Perry* case and the *LaRouche* case are on point with the instant appeal. Because the municipal election has occurred, unless Mr. Hatcher's case falls within one of the two exceptions to the mootness bar, we must agree with the trial court's conclusion.

The first exception to the mootness bar occurs in a case which involves a matter of "great public interest." *Walker v. Dunn*, 498 S.W.2d 102 (Tenn.1972). In *New Riviera Arts Theatre v. State*, 412 S.W.2d 890 (Tenn. 1967), the rule is defined as follows:

> While the rule that this Court will not decide a moot question is applicable when the question for determination affects only rights and claims personal to the parties, an exception is well recognized when interest of a public character and of importance in the administration of justice generally are involved. *McCanless v. Klein*, 182 Tenn. 631, 188 S.W.2d 745 (1945). Because the question involves a determination of public rights or interests under the conditions which may be repeated in the future, we will consider the question. *Id.* at 893.

The second exception to the mootness doctrine occurs when an otherwise moot case is capable of repetition yet will evade review if not addressed by the courts. *See State ex rel. Anglin v. Mitchell*, 596 S.W.2d 779, 782 (Tenn.1980); *Perry v. Banks*, 521 S.W.2d 549 (Tenn.1975).

On appeal, Mr. Hatcher asserts that this case is not moot because it falls within the "great public interest" exception to the mootness doctrine. We disagree. As in the *LaRouche* case, Mr. Hatcher's case is one primarily involving personal rights rather than rights of great public concern. In his complaint, Mr. Hatcher alleges that *he* has been injured by the election of Ms. Halbert. This may be true; however, he has failed to allege facts sufficient to show that the voting public was injured. In fact, from the record, it appears that the voters made their preference known in their overwhelming election of Ms. Halbert.

Mr. Hatcher's second issue involves the question of whether the trial court erred in failing to issue a declaratory judgment as to whether Ms. Halbert was a proper candidate for the office she sought; and specifically whether the fact that she held a position on the school board at the time she petitioned to run for City Council made her ineligible for that office under the City Charter. In addressing this issue, it is important to note that Mr. Hatcher did not file his case as an election contest pursuant to Tenn. Code Ann. §§ 2-17-101 and 2-17-105. Under these statutes, an "election contest" shall be filed within 10 days *after* the election. Here, Mr. Hatcher's case was filed some two months before the election occurred. From our reading of his complaint, Mr. Hatcher seeks a declaration that Ms. Halbert is not a proper candidate, and an injunction (based upon this determination) removing her name from the ballot. As discussed above, once the election had

occurred, the trial court determined that the prayer for injunctive relief was moot, and that a declaratory judgment concerning the propriety of Ms. Halbert's candidacy would amount to an advisory opinion given the posture of the case. At the hearing on the motion to dismiss, the court made the following, relevant comments concerning the case:

> What you're asking me to do is give some sort of advisory opinion and that's exactly what the Courts can't do. We can't give advisory opinions.... Here, we don't have [a] continuing case in controversy. I'm going to dismiss based on the fact that the case is now moot. I find that it meets no exceptions to the mootness doctrine.

We agree. However, even if we allow, *arguendo* (which we do not), that the trial court erred in not addressing Ms. Halbert's candidacy in light of the City Charter, we nonetheless find that Mr. Hatcher's argument on this issue is fatally flawed. Mr. Hatcher relies upon Memphis City Charter Section 17, Article 5 (Acts 1905, Ch. 54, sec. 16) and Tenn. Code Ann. §7-2-108(a)(11)-(16) in support of his argument that Ms. Halbert was ineligible to hold office as a councilmember while serving as Commissioner on the Memphis School Board. From our reading of his argument, it appears that Mr. Hatcher actually relies upon the editor's note cited under Article 5, Section 17 of the City Charter. The editor's note specifically references a Private Act, which was adopted in 1905 and which precluded a member of the City Council from holding another public office within the City, County, or State. However, further reading indicates that this provision is no longer applicable as the City Charter has been amended by Home Rule Ordinance No. 1852 (a/k/a the "POP Charter"), which was passed by referendum vote on November 8, 1966. In accordance with Ordinance No. 1852, the City Charter does not expressly disqualify a candidate from **seeking** office as a Councilmember while holding another public office. So, even if we were to concede that Ms. Halbert could not actually hold two offices simultaneously, we can find nothing in the City Charter to preclude her from holding one office while running for another. Here, it is undisputed that Ms. Halbert resigned from her position on the school board prior to taking her oath of office as Councilwoman.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Johnny Hatcher, Jr. and his surety.

---

J. STEVEN STAFFORD, J.