IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Briefs December 8, 2010

**JOHNNY HATCHER, JR.**
**v.**
**CHAIRMAN, SHELBY COUNTY ELECTION COMMISSION, MYRA STYLES, MEMBER, SHELBY COUNTY ELECTION COMMISSION, BILL GIANNINI, MEMBER, SHELBY COUNTY ELECTION COMMISSION, ROBERT D. MEYERS, MEMBER, SHELBY COUNTY ELECTION COMMISSION, BRIAN STEPHENS, MEMBER, SHELBY COUNTY ELECTION COMMISSION, SHEP WILBUN, JR., MEMBER, SHELBY COUNTY ELECTION COMMISSION, THE CITY OF MEMPHIS, A CORPORATION; AND A.C. WHARTON, JR.**

Appeal from the Chancery Court for Shelby County
CH-09-2152-3    Kenny W. Armstrong, Chancellor

_____

No. W2010-01163-COA-R3-CV - Filed April 28, 2011

_____

This appeal involves an election contest. The appellant was an unsuccessful candidate for mayor in a municipal election. After the election, the appellant filed this lawsuit seeking declaratory and injunctive relief and contesting the election. The trial court granted summary judgment to the defendants. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and  J. STEVEN STAFFORD, J., joined.

Johnny Hatcher, Jr., Memphis, Tennessee, *pro se*.

Allan J. Wade and Brandy S. Parrish, Allan J. Wade, PLLC, Memphis, Tennessee, for Defendants/Appellees, Shelby County Election Commission and The City of Memphis.

Donald A. Donati, William B. Ryan and Bryce W. Ashby, Donati Law Firm, LLP, Memphis, Tennessee, for Defendant/Appellee A. C. Wharton, Jr., in his individual capacity.

# MEMORANDUM OPINION[1]

## FACTS AND PROCEEDINGS BELOW

Upon the resignation of the then-Mayor of the City of Memphis, Tennessee, Dr. W. W. "Willie" Herenton, a special election to fill the vacancy was scheduled for October 15, 2009. Among the candidates for the position was Plaintiff/Appellant Johnny Hatcher, Jr. ("Hatcher"). Twenty-five candidates were placed on the ballot. The winner of the special election, The Honorable A.C. Wharton, Jr. ("Mayor Wharton") received 65,491 votes. Hatcher received thirty-three votes.

Shortly after the election, on October 22, 2009, Hatcher filed the instant lawsuit against the Shelby County Election Commission ("Election Commission"), Mayor Wharton, and the City of Memphis ("City"). He amended his petition a few days later.

The amended petition sought declaratory and injunctive relief, to have the election voided, $355,000 in compensatory damages and $52 million in punitive damages. Although the petition was not filed as a class action, it asked the trial court to divide the punitive damages award amongst the registered voters of the City.

In his amended petition, Hatcher asserted that Mayor Wharton and several other mayoral candidates were not qualified because of an alleged interest in City contracts. He claimed that Mayor Wharton and other mayoral candidates were ineligible because they held public office when they filed their nominating petitions and pending the election, citing a Memphis City Charter provision. Hatcher requested injunctive relief prohibiting the Election Commission from certifying the results of the mayoral election or certifying the eligibility of the candidates whom Hatcher believed were ineligible. He contested the election and sought to enjoin Mayor Wharton from taking office, citing Tennessee Code Annotated §§ 2-7-112 and 113.

---

[1] Rule 10. Memorandum Opinion

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated as "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

TENN. R. APP. P. 10

Meanwhile, the Election Commission certified the results of the City of Memphis mayoral election. Mayor Wharton resigned from his position as Mayor of Shelby County shortly before being sworn in as Mayor of Memphis on October 26, 2009.

Subsequently, Hatcher filed a motion for summary judgment. Hatcher claimed that Mayor Wharton occupied an elected position at the time he filed his nominating petition to run for mayor, and as such, Hatcher asserted, "A.C. Wharton, Jr. was an unqualified, ineligible, illegal and invalid candidate for the Memphis Mayoral Special Election to seek or hold or be elected to the office of Memphis City Mayor, and he should not have been included on the ballot. . . ."[2] In support, Hatcher cited Section 17 of the Memphis City Charter, which he said rendered ineligible as a candidate any person who "at the time of his election and qualification, holds any other office. . . ."

In response, the Election Commission and the City filed an answer denying that Mayor Wharton did not meet the qualifications required to run for the mayoral position, and asserting that the Memphis City Charter provisions and some of the statutes Hatcher relied upon were superseded or repealed by Memphis Home Rule Ordinance No. 1852, enacted in 1966. The answer also averred that Hatcher miscited statutes concerning election contests and denied that Hatcher was entitled to any type of relief. As affirmative defenses, the answer asserted that Hatcher's complaint failed to state a claim upon which relief may be granted, and that the request for injunctive relief had been rendered moot because the election results had been certified and Mayor Wharton had been sworn in as the Mayor of the City of Memphis.

Later, the Election Commission and the City filed a cross-motion for summary judgment and/or for trial on the merits on the grounds that Mayor Wharton was legally qualified and eligible to run for Mayor of the City of Memphis during the October 2009 special election. The motion argued that Hatcher's requests for injunctive and declaratory judgment were moot as a matter of law.[3]

---

[2] Hatcher subsequently filed an amended motion for summary judgment. In the amended motion, Hatcher additionally asserted that A.C. Wharton, Jr. held the position of Shelby County Mayor at the time of his election to the position of Memphis City Mayor, and that A.C. Wharton, Jr. was ineligible to run as a candidate in the Memphis Mayoral Special Municipal Election of October 15, 2009. Similar allegations were made about another mayoral candidate, Wanda Halbert, a member of the Memphis City Council.

[3] The Election Commission and the City also filed a response in opposition to Hatcher's motion for summary judgment and memorandum of law, alleging that Hatcher erred in his interpretation of the City of Memphis Charter by claiming that candidates for the position of Mayor of The City of Memphis may not hold any other city, state or county public office, or maintain a direct or indirect interest in contracts with the City of Memphis while a candidate for the position

Mayor Wharton filed a verified answer, a response to Hatcher's summary judgment motion, and his own summary judgment motion, adopting the factual statements and legal arguments made by the Election Commission and the City.[4]  In his verified answer, Mayor Wharton stated that he was elected as mayor of the City of Memphis with 65,491 votes, or approximately 59.9% of the total votes cast, that at approximately 10:30 a.m. on October 26, 2009 he resigned as Mayor of Shelby County, and at noon on the same day, he was inaugurated as Mayor of the City of Memphis.[5]  Mayor Wharton denied that Hatcher was entitled to any of the relief Hatcher requested.

The trial court held a hearing on the cross-motions for summary judgment on December 11, 2099.  On December 15, 2009 the trial court issued a final order denying Hatcher's motion for summary judgment and granting summary judgment to the Election Commission and the City.  The trial court cited the undisputed verified statements in Mayor Wharton's answer that he received the highest number of votes in the mayoral election, and that he resigned as Mayor of Shelby County before taking the oath of office as Mayor of the City of Memphis.  Finding no disputed issues of material fact, the trial court held that "the determinative legal issue is controlled by *dicta* in Court of Appeals decision in *Hatcher v. Election Commission*, 2009 WL 1507684 at *4, which under controlling Supreme Court precedent this Court is obliged to follow."  Based on this case, the trial court denied Hatcher's motion for summary judgment and granted summary judgment in favor of the Election Commission and the City.  For the same reasons, the trial court subsequently granted Mayor Wharton's motion for summary judgment. Hatcher now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

On appeal, Hatcher asserts that the trial court erred in granting summary judgment to the Election Commission, the City,  and Mayor Wharton  and in dismissing his petition. Hatcher also claims on appeal that the trial court erred by failing to determine Mayor Wharton's eligibility to run for the position of Mayor of the City of Memphis under the Memphis City Charter.

"Our review of a trial court's award of summary judgment is *de novo* with no presumption of correctness, the trial court's decisions being purely a question of law." *Wylie Steel Fabricators, Inc. v. Johnson,* 179 S.W.3d 509, 514 (Tenn. Ct. App. 2005) (quoting *BellSouth Adver. & Publ'g Co. v. Johnson,* 100 S.W.3d 202, 205 (Tenn. 2003)).  Summary judgment

---

[4] Pursuant to Rule 10.04 of the Tennessee Rules of Civil Procedure.

[5] The facts in the verified answer were sworn by Mayor Wharton.

may be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. TENN. R. CIV. P. 56.04; *Estate of French v. Stratford House*, __ S.W. 3d __, No. E2008-00539-SC-R11-CV, 2011 WL 238819 at \*4 (Tenn. Jan. 26, 2011). The party seeking summary judgment must show that there are no disputed material facts and he is entitled to judgment as a matter of law. *Id*. If the summary judgment motion is properly supported, then the burden of production to establish a genuine issue of material fact shifts to the non-moving party. *Id*. "[A] moving party who seeks to shift the burden of production to the nonmoving party who bears the burden of proof at trial must either: (1) affirmatively negate an essential element of the non-moving party's claim; or (2) show that the non-moving party cannot prove an essential element of the claim at trial." *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 8 (Tenn. 2008). At the summary judgment phase, neither the trial court nor the appellate court is to weigh the evidence or substitute its judgment for the trier of fact. *Estate of French*, 2011 WL 238819 at \*4.

Competing motions for summary judgment must be evaluated separately. As to each motion, the court must determine whether there are genuine issues of material fact with respect to each motion, and whether the moving party is entitled to judgment as a matter of law. *CAO Holdings, Inc. v. Trost*, __ S.W.3d__, No. M2008-01679-SC-R11-CV, 2010 WL 5111414 at \*7 (Tenn. Dec. 15, 2010).

## ANALYSIS

Hatcher first argues that the trial court erred in granting summary judgment to the Election Commission, Mayor Wharton, and the City, and erred in dismissing Hatcher's petition for declaratory and injunctive relief, damages, and an election contest. He claims that the trial court erred in basing its decision on dicta in *Hatcher v. Chairman, Shelby County Election Commission, et al.*. No. W2008-01727-COA-R3-CV, 2009 WL 1507864, (Tenn. Ct. App. May 29, 2009), rather than adjudicating the facts and issues in this case. He argues that summary judgment was inappropriate because the parties disagreed about "the inferences to be drawn from the facts." He claims that Section 17 of the Memphis City Charter rendered Mayor Wharton ineligible to run for mayor because it provides that " no person shall be eligible for the office of Mayor. . . who at the time of his election and qualification holds any other office, or who is directly interested in any contract with the city," and asserts that the trial court erred by refusing to determine Mayor Wharton's eligibility under this provision of the Memphis City Charter. Hatcher notes that Mayor Wharton was the Mayor of Shelby County during his campaign for Mayor of the City of Memphis, and that during this time, Mayor Wharton had an interest in various city and county contracts. He insists that Section 17 of the Memphis City Charter was not repealed by Memphis Home Rule Ordinance No. 1852.

-5-

As noted by Hatcher, the trial court below relied on an appellate decision in a prior election lawsuit filed by Hatcher, stating that " the determinative legal issue is controlled by *dicta* in [the] Court of Appeals decision in **Hatcher v. Election Commission**, 2009 WL 1507684 at *4." (Vol. 2 at 243-244). The prior **Hatcher** case ("**Hatcher I**") was decided based on the doctrine of mootness and analysis of the Memphis City Charter provision cited by Hatcher in his argument. We consider each issue in turn.

### *Mootness*

This Court has previously explained the doctrine of mootness:

> The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. **State ex rel. Lewis v. State**, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); **Dockery v. Dockery**, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). Thus, our courts will not render advisory opinions, **Super Flea Mkt. v. Olsen**, 677 S.W.2d 449, 461 (Tenn. 1984); **Parks v. Alexander**, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980). or decide abstract legal questions. **State ex rel. Lewis v. State**, 208 Tenn. at 538, 347 S.W.2d at 49.
>
> Cases must be justiciable not only when they are first filed but must also remain justiciable throughout the entire course of litigation, including the appeal. **Lewis v. Continental Bank Corp.**, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); **Kremens v. Bartley**, 431 U.S. 119, 128-29, 97 S.Ct. 1709, 1715 (1977); 13A Charles A. Wright et al., Federal Practice and Procedure §§ 3533, 3533.10 (2d 3d. 1984) ("Federal Practice and Procedure"). The concept of mootness deals with the circumstances that render a case no longer justiciable. **Davis v. McClaran**, App. No. 01-A-01-9304-CH-00164, slip op. at 2, 19 T.A.M. 1-3, 1993 WL 523667 (Tenn. Ct. App. Dec. 10, 1993), *perm app. granted* (Tenn. Mar. 28, 1994) ("[m]ootness is a doctrine of jusiticability"); Federal Practice and Procedure § 3533, at 211.
>
> A moot case is one that has lost its character as a present, live controversy. **McCanless v. Klein**, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); **Krug v. Krug**, 838 S.W.2d 197, 204 (Tenn. Ct. App. 1992); **La Rouche v. Crowell**, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985). The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. Federal Practice and Procedure § 3533.3, at 261. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. **Church of Scientology v. United States** §, 506 U.S. 9, —, 113

S.C.t 447, 449, 121 L.Ed.2d 313 (1992); ***Knott v. Stewart County,*** 185
Tenn.623, 626, 207 S.W.2d 337, 338-39 (1948); ***Massengill v. Massengill***, 36
Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Thus, a suit brought to enjoin a particular act becomes moot once
the act sought to be enjoined takes place. ***Badget v. Broome***, 219 Tenn. 264,
268, 409 S.W.3d 354, 354 (1966); ***Malone v. Peay***, 157 Tenn. 429, 433 7
S.W.2d 40. 41 (1928).

***Ivy v. Tenn. Dept. of Corr.***, No. M2007-02606-COA-R3-CV, 2008 WL 5169563 at *2-3
(Tenn. Ct. App. Dec. 9, 2008) (quoting ***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn.
Ct. App. 1994) (italics removed).

The doctrine of mootness was analyzed in Hatcher's prior lawsuit, ***Hatcher I***.  In *Hatcher I*,
Appellant Hatcher was a candidate for the Memphis City Council for the position to which
Wanda M. Halbert ("Halbert") was elected. ***Hatcher I,*** 2009 WL 1507684 at *1.  Prior to the
election, Hatcher filed a lawsuit seeking declaratory and injunctive relief, alleging that Halbert
was not a qualified candidate because she was an elected member of Memphis City School
Board at the time she filed her petition to run for the Memphis City Council. ***Id***.  Hatcher
asserted that this rendered her ineligible to run for the City Council under Section 17 of the
Memphis City Charter. ***Id.***  Hatcher sought declaratory relief that Halbert was not eligible to
be a City Council candidate, and an order enjoining the election commission from including
Halbert's name on the ballot. ***Id***. at *2.   After Hatcher filed his complaint, the election was
held and Halbert received approximately 80% of the vote. ***Id.*** Halbert then resigned from her
seat on the Memphis City School Board, and was sworn into office as a member of the
Memphis City Council. ***Id***.

In ***Hatcher I***, the trial judge in the instant case held that Hatcher's petition had been rendered
moot by the City Council election and the fact that Halbert had been sworn into office, and
so dismissed the case.  Hatcher appealed. On appeal, this Court affirmed the trial court's
decision, finding that Hatcher's request for declaratory and injunctive relief had been rendered
moot. ***Id***. at *4.

We are compelled to reach the same conclusion in this case as to Hatcher's requests for
declaratory and injunctive relief.  However, this Court in ***Hatcher I*** noted specifically that,
in that case, Appellant Hatcher did not file an election contest. ***Id***. In the instant case, Hatcher
sought to contest Mayor Wharton's election, which would not be rendered moot by Mayor
Wharton's election.  Therefore, we consider the alternative basis for this Court's decision in
***Hatcher I***, namely the Memphis City Charter provision Hatcher argued in the trial court
below.

### *Memphis City Charter*

Even though this Court in *Hatcher I* found that Appellant Hatcher's lawsuit had been rendered moot, it nevertheless went on to analyze Hatcher's argument based on Section 17 of the Memphis City Charter. Thus, this portion of the Court's discussion in *Hatcher I* was appropriately characterized as "dicta" by the trial court below. In this appeal, Hatcher argues that the trial court erred in relying on such dicta. We respectfully disagree. Dicta or not, we find the Court's analysis of this issue in *Hatcher I* to be instructive.

Similar to his argument in *Hatcher I*, in this case, Hatcher insists that Mayor Wharton was ineligible to run in the October 15, 2009 election for the position of Mayor of the City of Memphis because he held the office of Shelby County Mayor when he filed his nominating petition, and Hatcher cites Section 17 of the Memphis City Charter, which states:
"no person shall be eligible for the office of Mayor who, at the time of his election and qualification, holds any other office or who is directly or indirectly interested in contracts with the city." In addressing this argument, the Court in *Hatcher I* stated:

> [W]e nonetheless find that Mr. Hatcher's argument on this issue is fatally flawed. Mr. Hatcher relies upon Memphis City Charter Section 17, Article 5 . . . in support of his argument that [Halbert] was ineligible to hold office as a councilmember while serving as Commissioner on the Memphis School Board. From our reading of his argument, it appears that Mr. Hatcher actually relies upon the editor's note cited under Article 5, Section 17 of the City Charter. The editor's note specifically references a Private Act, which was adopted in 1905 and which precluded a member of the City Council from holding another public office within the City, County, or State. However, further reading indicates that this provision is no longer applicable as the City Charter has been amended by Home Rule Ordinance No. 1852 . . ., which was passed by referendum vote on November 8, 1966. In accordance with Ordinance No. 1852, the City Charter does not expressly disqualify a candidate from seeking office as a Councilmember while holding another public office. So even if we were to concede that [Halbert] could not actually hold two offices simultaneously, we can find nothing in the City Charter to preclude her from holding one office while running for another. Here, it is undisputed that [Halbert] resigned from her position on the school board prior to taking her oath of office as a Councilwoman.

*Id*. at *4.

In this case, it is undisputed in the record that Mayor Wharton resigned from his position as Mayor of Shelby County prior to taking the oath of office as Mayor of the City of Memphis. Based on these undisputed facts and our analysis of the Memphis City Charter provision at issue in *Hatcher I*, we reach the same conclusion. We have likewise considered Hatcher's argument on Mayor Wharton's alleged direct or indirect interest in municipal contracts, and also find it to be without merit. Therefore, we must conclude that the trial court did not err in denying Hatcher's motion for summary judgment and granting summary judgment in favor of the Election Commission, the City, and Mayor Wharton.

## CONCLUSION

The decision of the trial court is affirmed. Costs on appeal shall be taxed to the Appellant, Johnny Hatcher, Jr., and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE