# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
April 16, 2019 Session

## TENNESSEE DEMOCRATIC PARTY v. HAMILTON COUNTY ELECTION COMMISSION; MARK GOINS IN HIS OFFICIAL CAPACITY AS STATE ELECTION COORDINATOR; AND ROBIN SMITH

**Appeal from the Chancery Court for Hamilton County**
**No. 18-0426          Jeffrey M. Atherton, Chancellor**

_____

### No. E2018-01721-COA-R3-CV

_____

Political party filed suit against the county election commission and the State election coordinator requesting injunctive relief to prevent a county election commission from allowing a replacement for a candidate in another party's primary election for the office of state representative who had withdrawn from the race after the qualifying deadline; the plaintiff party also sought a declaration that the withdrawal of the original candidate did not allow for a replacement under the circumstances presented. The primary election ensued, and the replacement candidate advanced to the general election; thereafter, the trial court denied the injunction and granted the defendants' motions to dismiss the action. After the appeal was filed but before argument, the general election was held and the other party's candidate was elected. We have determined that this case is moot and, accordingly, dismiss the appeal; we deny the request for damages for a frivolous appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JOHN WESLEY MCCLARTY, J., joined.

J. Gerard Stranch, IV; Benjamin A. Gastel; and Seamus T. Kelly, Nashville, Tennessee, for the appellant, Tennessee Democratic Party.

Stephen S. Duggins, Chattanooga, Tennessee, for the appellee, Hamilton County Election Commission.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée S. Blumstein, Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General, for the appellee, Mark Goins, State Election Coordinator.

Ben M. Rose, Brentwood, Tennessee, for the appellee, Robin Smith.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a challenge to the decision of the Hamilton County Election Commission ("HCEC") to replace Gerald McCormick, a candidate who had qualified in April of 2018 to run in the August 2, 2018 Republican Party primary for the office of State Representative and who withdrew after the qualifying deadline, with Robin Smith, a new candidate.

On July 19, 2018, the Tennessee Democratic Party ("TNDP") filed a Complaint for declaratory and injunction relief or, alternatively, a Petition for *Writ of Certiorari*, naming the HCEC and the State Election Coordinator, Mark Goins, as defendants. The TNDP sought (1) a declaratory judgment that "Gerald McCormick's withdrawal from running for House District 26 did not trigger any of the enumerated reasons in Tenn[essee] Code Ann[otated] section 2-5-101(g)(1)" and (2) an injunction prohibiting the HCEC and Mark Goins from "approving and/or printing any ballot with any Republican Candidate appearing as a candidate for House District 26" and from "counting any votes for Robin Smith from any ballot where she appears as a candidate for House District 26." Each defendant filed a motion to dismiss.

The primary election was held, and Ms. Smith was chosen as the Republican Party nominee; she subsequently filed a motion to intervene as a defendant in this action, and the motion was granted by agreement. She also filed a motion to dismiss the case.

The trial court heard the injunction motion and the motions to dismiss on August 31 and ruled from the bench. The court entered separate orders on September 19 memorializing its ruling denying the injunction and granting the motions to dismiss. With respect to the motions to dismiss:

- **HCEC.** The trial court ruled that the TNDP did not have standing to bring an action against the HCEC and granted HCEC's motion to dismiss.

- **Mr. Goins.** The trial court ruled that it did not have subject matter jurisdiction and that all claims against Mr. Goins were barred under the doctrine of sovereign immunity; accordingly, it granted Mr. Goins' Motion to Dismiss.

- **Ms. Smith.** The trial court granted Ms. Smith's motion based on TNDP's lack of standing and "on the additional ground that this Court lacks jurisdiction to determine a political party's nominee for elected office following resolution of an election contest pursuant to Term. Code Ann. § 2-17-104."

The TNDP appeals, raising several issues. After the notice of appeal was filed but before briefs were submitted and argument held, the general election was held and Ms. Smith was elected. Although none of the issues raised by TNDP on appeal directly address mootness, TNDP discussed the issue in its brief in a footnote to its argument relating to the trial court's "failure to timely rule on the TNDP's [temporary restraining order] request and request for expedited hearing." TNDP stated that it anticipated that defendants would argue that the case was moot "given the election in August and the subsequent general election that was held in November, 2018." Each defendant has raised the question of mootness as an issue on appeal, THDP has responded, and it was discussed at oral argument.

For the reasons set out below, we have concluded that the requests for injunctive relief are moot because the actions sought to be enjoined have occurred, and that the request for declaratory judgment is moot because Ms. Smith was listed on the ballot and subsequently elected. Further, none of the exceptions to the mootness doctrine are present.

## II. ANALYSIS

### A) The Applicability of the Mootness Doctrine

A moot case is one that has lost its justiciability because it no longer involves a present, ongoing controversy. *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996). A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 207 S.W.2d 337, 338-39 (Tenn. 1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998). In other words, "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

Determining whether a case is moot is a question of law. *Alliance for Native American Indian Rights in Tennessee, Inc.*, 182 S.W.3d 333, 339 (Tenn. Ct. App. 2005). An appellate court "will dismiss appeals as moot when 'by a court decision, acts of parties, or other causes occurring after the commencement of the action the case has lost its controversial character.'" *West v. Vought Aircraft Industries, Inc.*, 256 S.W.3d 618, 625 (Tenn. 2008) (quoting *McCanless*, 188 S.W.2d at 747 (Tenn. 1945)).

In the complaint, TNDP sought to enjoin the HCEC and Mr. Goins from "approving and/or printing any ballot with any Republican Candidate appearing as a candidate for House District 26" and to enjoin the HCEC "from counting any votes for Robin Smith from any ballot where she appears as a candidate for House District 26" and

from "temporarily and permanently . . . printing or displaying any ballot containing the name of any person as the Republican Party candidate for House District 26."

The primary and general elections proceeded with Ms. Smith on the ballots. In light of these events, we agree with the trial court that the requests for injunctive relief are moot.[1] For the same reason, the request for a declaratory judgment, wherein TNDP sought a declaration that Mr. McCormick's withdrawal did not trigger Tennessee Code Annotated section 2-5-101(g)(1)[2] and allow Ms. Smith to appear on the primary ballot, is moot because Ms. Smith was on the ballot and was elected. We proceed to consider whether any of the exceptions to the application of the doctrine applies in this case.

## B) Exceptions to Mootness

The evolution and identity of the exceptions to the mootness doctrine were set forth in *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.*:

---

[1] A court should dismiss an appeal as moot "[i]f by the time a controversy reaches the appellate court questions presented have been deprived of practical significance and have become academic and abstract in character." *State ex rel. Adventist Health Care Sys./Sunbelt Health Care Corp. v. Nashville Mem'l Hosp.*, 914 S.W.2d 903, 907 (Tenn. Ct. App. 1995) (internal citations omitted). These principles are "especially true" when injunctive relief is sought; "[w]here it appears the act to be enjoined has been consummated, an action for an injunction presents only a moot question and will be dismissed." *Id* (quoting *Badgett v. Broome,* 409 S.W.2d 354, 356 (Tenn. 1966)).

[2] Tennessee Code Annotated section 2-5-101 provides:

> (g)(1) If a candidate in a primary election or nonpartisan general election, after the qualifying deadline:
>> (A) Dies;
>> (B) Withdraws because of military call up;
>> (C) Withdraws because of physical or mental disability, such physical or mental disability being properly documented by competent medical authority;
>> (D) Withdraws because such candidate is forced to change residence by the candidate's employer for a job-related reason;
>> (E) Is declared ineligible or disqualified by a court or disqualified by the political party executive committee under § 2-5-204;
>> (F) Is declared disqualified by the peace officer standards and training (POST) commission pursuant to § 8-8-102(e); or
>> (G) Is declared disqualified by the Tennessee highway officials certification board pursuant to § 54-7-104;
> leaving no candidates for nomination or office, additional candidates may qualify for the election or that nomination by filing their petitions as provided by law no later than twelve o'clock (12:00) noon, prevailing time on the fortieth day before the election. If any of these events occur within ten (10) days of the fortieth day, the qualifying deadline shall be twelve o'clock (12:00) noon, prevailing time on the tenth day following the death or withdrawal.

Tennessee courts do not apply the mootness doctrine mechanically. Rather, when the question of mootness is raised, they consider many factors, including the reason that the case is alleged to be moot, the stage of the proceeding, the importance of the issue to the public, and the probability that the issue will recur. Over time, the courts have recognized several circumstances that provide a basis for not invoking the mootness doctrine. These circumstances include: (1) when the issue is of great public importance or affects the administration of justice, (2) when the challenged conduct is capable of repetition and of such short duration that it will evade judicial review, (3) when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain, and (4) when the defendant voluntarily stops engaging in the challenged conduct.

301 S.W.3d 196, 204 (Tenn. 2009) (footnotes omitted).

Mr. Goins, HCEC, and Ms. Smith, in varying degrees, rely upon *Hatcher v. Chairman*, 341 S.W.3d 258 (Tenn. Ct. App. 2009), in arguing that the public interest exception does not apply in this case.

In *Hatcher* a candidate for election to the Memphis City Council sought a declaratory judgment that another candidate was not qualified because she was an elected member of the Memphis School Board and also sought an injunction to prevent that candidate's name from being included on the ballot. 341 S.W.3d at 260. After Mr. Hatcher filed his complaint, the election was held and the other candidate elected; the trial court dismissed the case pursuant to Tennessee Rule of Civil Procedure 12.02(6), holding that the case was moot. On appeal, Mr. Hatcher argued that the public interest exception applied; this court rejected the argument. In so holding, this court approved the rationale which had been stated by the trial court for its determination:

[T]he voters have elected [the city councilwoman] by almost 80% of the vote, [the city councilwoman] has resigned her position with the Memphis City School Board, [the city councilwoman] has been inaugurated into her position as City Councilwoman, and [the city councilwoman] has performed her duties in that office since the inauguration. The trial court reached the conclusion that these events had changed the posture of Mr. Hatcher's case so as to render it moot.

*Id.* at 261. Looking to both *LaRouche v. Crowell,* 709 S.W.2d 585 (Tenn. Ct. App. 1985), and *Perry v. Banks,* 521 S.W.2d 549 (Tenn. 1975), for guidance, this court affirmed the lower's court determination of mootness:

Mr. Hatcher's case is one primarily involving personal rights rather than rights of great public concern. In his complaint, Mr. Hatcher alleges

that *he* has been injured by the election of [the city councilwoman]. This may be true; however, he has failed to allege facts sufficient to show that the voting public was injured. In fact, from the record, it appears that the voters made their preference known in their overwhelming election of [the city councilwoman].

*Hatcher*, 341 S.W.3d at 262–63.

In the case at bar, Mr. Goins contends that "the dispute in this case does not involve any constitutional rights," and that the record gives no indication that conduct similar to that giving rise to this dispute is substantially probable to recur. Further, Mr. Goins asserts that "[a] decision on the merits will provide little assistance to public officials, because this action is dependent on the specific facts and circumstances involved" and that "this case fails to present any appreciable degree of urgency." Ultimately, Mr. Goins sees this case as one that primarily involves personal rights, as in *Hatcher*, and thus cannot be rid of its mootness by the "great public interest" exception. HCEC relies upon *Hatcher* in arguing that the "overwhelming election of Ms. Smith" precludes the TNDP from claiming the voting public was injured.

TNDP attempts to distinguish this case from *Hatcher* by stating that TNDP is not challenging whether candidate Smith is qualified to hold office; instead, TNDP is challenging "the legality of permitting her to be on the ballot." According to TNDP, a candidate filing an untimely qualifying petition, as Ms. Smith has done, cannot legally win an election with her name appearing on the ballot. In its reply brief, TNDP contends that the election was "unlawful" and is not moot "as the TNDP, its members, and the public have been deprived of a free and fair election held in accordance with state law[,] and the candidate appearing unlawfully on the ballot is holding and exercising political power gained through an unlawful election."

We do not believe that this is the "great public interest" necessary to satisfy the exception to the mootness doctrine. In this regard, we are guided by the standard set forth in the *Norma Faye Pyles Lynch* case:

> Our judicial heritage speaks to restraint in addressing issues when the parties do not have a continuing, real, live, and substantial interest in the outcome. Accordingly, as a general rule, Tennessee's appellate courts should dismiss appeals that have become moot regardless of how appealing it may be to do otherwise. However, under "exceptional circumstances where the public interest clearly appears," *Dockery v. Dockery,* 559 S.W.2d 952, 955 (Tenn. Ct. App. 1977), the appellate courts may exercise their judgment and discretion to address issues of great importance to the public and the administration of justice. *State v. Rodgers,* 235 S.W.3d [92] at 97 [(Tenn. 2007)]. To guide their discretion, the courts should first address the

following threshold considerations: (1) the public interest exception should not be invoked in cases affecting only private rights and claims personal to the parties; (2) the public interest exception should be invoked only with regard to "issues of great importance to the public and the administration of justice"; (3) the public interest exception should not be invoked if the issue is unlikely to arise in the future; and (4) the public interest exception should not be invoked if the record is inadequate or if the issue has not been effectively addressed in the earlier proceedings.

If the threshold considerations do not exclude the invocation of the public interest exception to the mootness doctrine, the courts should then balance the interests of the parties, the public, and the courts to determine whether the issues in the case are exceptional enough to address. In making this determination, the courts may consider, among other factors, the following: (1) the assistance that a decision on the merits will provide to public officials in the exercise of their duties, (2) the likelihood that the issue will recur under similar conditions regardless of whether the same parties are involved, (3) the degree of urgency in resolving the issue, (4) the costs and difficulties in litigating the issue again, and (5) whether the issue is one of law, a mixed question of law and fact, or heavily fact-dependent.

301 S.W.3d at 210–11.

The decision being challenged in this case is the action of the Election Commission in allowing Ms. Smith to qualify as a candidate in the primary election, which led to her qualification for, and subsequent election to, the House of Representatives. The TNDP does not articulate a public issue, other than that which is inherent in the contention that the HCEC's action violated Tennessee Code Annotated section 2-5-101(g)(1). In our judgment this is a challenge to the timeliness of Ms. Smith's qualifying as a candidate, given the circumstances of Mr. McCormick's withdrawal after the qualifying deadline; it is an issue that is unlikely to recur in the future, does not involve the structural integrity of the election itself or the results and, due to the uniqueness of the circumstances, our decision on the merits would not significantly provide guidance in the administration of the election law. For whatever reason, the TNDP did not pursue a determination prior to the election of the issue for which it now seeks declaratory relief.[3]

---

[3]  As to declaratory judgments, this Court has stated:

> The Tennessee Declaratory Judgments Act, Tenn. Code Ann. §§ 29-14-101 – 113 (2008), makes the equitable remedy of declaratory judgment available to courts; however, in order for such remedy to lie, there must be a showing of a "'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant a declaratory judgment.'" *Evers v. Dwyer,* 358 U.S. 202, 204, 79 S.Ct. 178, 179,

Nothing in the record suggests that these facts are likely to recur—or that they will evade review if they do recur. The parties discussed at length the delay in this case—though disagreeing as to whether the trial court or the plaintiff was at fault in causing such delay—so it stands to reason that this case would not evade review if it did recur. The defendants have carried their burden in demonstrating that the "capable of repetition yet evading review" exception is not applicable here, and TNDP failed to provide any contrary evidence or argument.[4]

## B) Remaining Issues

Ms. Smith has stated as an issue on appeal "[w]hether the trial court's dismissal was entered pursuant to Rule 12.02(1) or Rule 12.02(6) of the Tennessee Rules of Civil Procedure." Other than stating the standards of review under Rule 12.02(1) and Rule 12.02(6), Ms. Smith only addresses this issue in the conclusion of her brief, stating "the trial court should be affirmed in all respects, except that it characterized the dismissal being made pursuant to Tenn. R. Civ. P. 12.02(1) rather than 12.02(6), which was in error." She presents no further argument. We discern no error in the court's dismissal of this action pursuant to Rule 12.02(1).

Finally, in Ms. Smith's brief and the motion to dismiss filed with this Court, she argued that the TNDP's appeal should be dismissed because the issues are moot and asked the Court to award "Frivolous Appeal Damages." This court is authorized by statute to award damages against an appellant if we determine that the appeal is frivolous or that it was taken solely for delay. Tenn. Code Ann. § 27-1-122. The statute, however, is to be interpreted and applied strictly to avoid discouraging legitimate appeals. *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2004) (citing *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977) (discussing the predecessor of Tenn. Code Ann. § 27-1-122)). Upon due consideration, the appeal is not frivolous, and we decline to award damages.

---

3 L.Ed.2d 222 (1958) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). If, because of the passage of time, a case has lost its character as a present, live controversy, or the questions involved have been deprived of their practical significance, the courts have refused to decide them because they are then "moot" or "academic." See *Perry v. Banks,* 521 S.W.2d 549, 550 (Tenn. 1975).

*Hatcher*, 341 S.W.3d at, 261.

[4] TNDP does not argue that either of the other exceptions apply.

### III.  CONCLUSION

For the foregoing reasons, we affirm the holding of the trial court that this case is moot; accordingly, the appeal is dismissed.

RICHARD H. DINKINS, JUDGE