# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### August 26, 2011 Session

## PAUL BOTTEI v. GAYLE E. RAY, COMMISSIONER TENNESSEE DEPARTMENT OF CORRECTION ET AL.

### Appeal from the Chancery Court for Davidson County
### No. 101798I    Claudia Bonnyman, Chancellor

### No. M2011-00087-COA-R3-CV - Filed September 15, 2011

Plaintiff sought access to a plethora of public records from several state prison officials. Access was granted, but the name(s) of the supplier(s) of the substances necessary to carry out lethal injection executions and the employees who procured those substances were redacted based on the defendants' interpretation of Tenn. Code Ann. § 10-7-504(h)(1). Plaintiff filed suit under the Public Records Act and the trial court determined that the names were not to be redacted. Defendants filed a notice of appeal and sought a stay under Tenn. Code Ann. § 10-7-505(e), but the trial court ruled it did not have jurisdiction. Defendants moved this court for a stay, which this court granted. We affirm the trial court's decision as to the redaction of the names but reverse the trial court's decision as to its jurisdiction to provide the certification under Tenn. Code Ann. § 10-7-505(e).

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and RICHARD H. DINKINS, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Janet M. Kleinfelter, Deputy Attorney General; for the appellants, Gayle Ray, Commissioner, Tennessee Department of Correction; Rick Bell, Warden, Riverbend Maximum Security Institution; and Jennie L. Jobe, Warden, Lois DeBerry Special Needs Facility.

Christopher Minton and Michael J. Passino, Nashville, Tennessee, for the appellee, Paul Bottei.

## OPINION

### BACKGROUND

The facts of this case are not in dispute. Paul Bottei is an Assistant Federal Public Defender in the Middle District of Tennessee. He represents Edmund Zagorski, who was convicted of two counts of first degree murder and was scheduled to be executed on January 11, 2011.[1] In September 2010, Bottei sent letters to Commissioner Gayle Ray of the Tennessee Department of Correction, Warden Ricky Bell of the Riverbend Maximun Security Institution, Warden Roland Colson of the Lois DeBerry Special Needs Facility, and Dr. Lester Lewis, the Medical Director of the Tennessee Department of Correction, containing a very broad public records request generally regarding the lethal injection protocol and the substances used or to be used in the lethal injections of inmates Edmund Zagorski, Steven Morris Henley, Cecil Johnson, Gaile Owens, Stephen West and Billy Ray Irick.

The state officials provided what records they could[2] except that they redacted the name(s) of the supplier(s) of the substances necessary to carry out the lethal injection executions and the employees who procured those substances. The redactions were based on the State's interpretation of Tenn. Code Ann. § 10-7-504(h)(1). Bottei filed a petition pursuant to Tenn. Code Ann. § 10-7-505 of the Public Records Act, claiming that he had been denied access to public records. The state defendants responded, relying on the language of Tenn. Code Ann. § 10-7-504(h)(1).

The trial court held that the "Defendants had failed to prove by a preponderance of the evidence that the confidentiality provision of Tenn. Code Ann. § 10-7-504(h)(1) applies to the information they redacted," and ordered the defendants to provide Bottei with unredacted copies of the records. After the defendants filed their notice of appeal, Bottei moved the court to order immediate production of the records. The defendants asked the court to stay its judgment by certifying that a substantial legal issue existed pursuant to Tenn. Code Ann. § 10-7-505(e). The court concluded it did not have subject matter jurisdiction to consider the defendants' request, but it stayed enforcement of its judgment until the defendants had an opportunity to seek a stay in the appellate court. On March 16, 2011, this court granted the defendants' motion and ordered a stay pending the resolution of the appeal.

_____

[1]All executions in Tennessee are currently stayed pending the outcome of a challenge to the State's lethal injection protocol.

[2]For example, Steven West's execution was set to be carried out by electrocution, so there were no substances within the scope of the request to be used.

STANDARD OF REVIEW

The construction of a statute is a question of law. *Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 332 (Tenn. Ct. App. 2007). The standard of review is de novo. *Id*.

ANALYSIS

The paramount rule of statutory construction is "to ascertain and give effect to the intention and purpose of the legislature." *Id*. (quoting *Carson Creek Vacation Resorts, Inc. v. State Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993)). Our goal is to determine "a reasonable construction 'in light of the purposes, objectives, and spirit of the statute based on good sound reasoning.'" *Id. (quoting Scott v. Ashland Healthcare Ctr, Inc*., 49 S.W.3d 281, 286 (Tenn. 2001)). The intent of the legislature is primarily ascertained from the natural and ordinary meaning of the language used, without a forced or subtle construction to extend or limit the meaning of the words. *Id.*

Because this is a public records case, additional considerations are also involved. The governmental entity bears the burden of proof and must justify nondisclosure of the record by a preponderance of the evidence. Tenn. Code Ann. § 10–7–505(c). Significantly, the General Assembly has directed the courts to construe broadly the Public Records Act "so as to give the fullest possible public access to public records." Tenn. Code Ann. § 10–7–505(d). Therefore, unless an exception is established, we must require disclosure "even in the face of serious countervailing considerations." *Memphis Publ'g Co. v. City of Memphis,* 871 S.W.2d 681, 684 (Tenn. 1994).

With these directives in mind, we now turn to an examination of Tenn. Code Ann. § 10-7-504(h)(1), which states:

(h)(1) Notwithstanding any other law to the contrary, those parts of the record identifying an individual as a person who has been or may in the future be directly involved in the process of executing a sentence of death shall be treated as confidential and shall not be open to public inspection. For the purposes of this section "person" includes, but is not limited to, an employee of the state who has training related to direct involvement in the process of executing a sentence of death, a contractor or employee of a contractor, or a volunteer who has direct involvement in the process of executing a sentence of death. Records made confidential by this section include, but are not limited to, records related to remuneration to a person in connection with such person's participation in or preparation for the execution of a sentence of death.

-3-

Such payments shall be made in accordance with a memorandum of understanding between the commissioner of correction and the commissioner of finance and administration in a manner that will protect the public identity of the recipients; provided, if a contractor is employed to participate in or prepare for the execution of a sentence of death, the amount of the special payment made to such contractor pursuant to the contract shall be reported by the commissioner of correction to the comptroller of the treasury and such amount shall be a public record.

There is no doubt that this statute provides for the confidentiality of the "execution team." *Workman v. Campbell*, No. M2001-01445-COA-R3-CV, 2002 WL 869963, at *6 (Tenn. Ct. App. May 7, 2002). The issue is whether the identities of persons or entities who supplied the lethal injection chemicals and the state employees who procured the chemicals are to be kept confidential.

The statute instructs that only the identities of persons "directly involved in the process of executing a sentence of death" are to be kept confidential. The restriction to those "directly involved" is significant. Direct involvement denotes participatory actions in the occurrence, not tangential actions, however necessary, that are temporally separated from the execution. A person is "directly involved" in the execution process only when that person's actions immediately lead to or immediately enable the taking of the condemned inmate's life.

The use of the words "process of executing a sentence of death" cannot be interpreted so expansively as to negate the restrictive meaning of "directly involved." Courts are required to "give effect to every word, phrase, clause and sentence of the act in order to carry out the legislative intent." *Tidwell v. Collins,* 522 S.W.2d 674, 676–77 (Tenn. 1975). The words "directly involved" are intended to distinguish those persons whose identities are to be kept confidential from those persons whose identities should not be kept confidential – that is, those who have some tangential or remote involvement in the execution process.

It must also be remembered that the Public Records Act requires us "to give the fullest possible public access to public records." Tenn. Code Ann. § 10–7–505(d). We conclude[3] that Tenn. Code Ann. § 10-7-504(h)(1) only protects the identities of those persons who are "directly involved" in the execution, not the identities of those who supplied the lethal

---

[3]Our decision rests on the language of the statute since we do not consider the statute ambiguous. *See Colonial Pipeline Co. v. Morgan*, 263 S.W.3d 827, 836 (Tenn. 2008) (When a statute is ambiguous, courts may consider the legislative history). We note, however, that the legislative history contains comments that tend to support the interpretation we place on the statute.

injection chemicals to the state or the identities of the state employees who procured the chemicals.[4]  Therefore, we affirm the trial court's decision.

The state also contends that the trial court erred in finding that it did not have subject matter jurisdiction to rule upon the defendants' request for certification in accordance with Tenn. Code Ann. § 10-7-505(e), which states:

> (e) Upon a judgment in favor of the petitioner, the court shall order that the records be made available to the petitioner unless:
>
> > (1) There is a timely filing of a notice of appeal; and
>
> > (2) The court certifies that there exists a substantial legal issue with respect to the disclosure of the documents which ought to be resolved by the appellate courts.

After a notice of appeal is filed, trial courts are required to take some actions as an aid to the appellate court's jurisdiction, such as resolving disputes among the parties as to the contents of the record. *See* Tenn. R. App. P. 24(e).  We view the certification found in Tenn. Code Ann. § 10-7-505(e)(2) as such an action.  Furthermore, granting a certification pursuant to Tenn. Code Ann. § 10-7-505(e)(2) is entirely consistent with Tenn. R. Civ. P. 62.06, which states: "When an appeal is taken by the state, a county, a municipal corporation, or an officer or agency thereof acting in its behalf, the judgment may be stayed in the court's discretion." Consequently, we reverse the trial court's determination that it lacked jurisdiction to enter the certification under Tenn. Code Ann. § 10-7-505(e)(2).[5]

Costs of appeal are assessed against the defendants, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[4]The interpretation we place on Tenn. Code Ann. § 10-7-504(h)(1) pretermits the necessity of determining the scope of the statutory term "person" in this matter.

[5]Bottei argues that the issue is moot because this court granted the stay the defendants sought under Tenn. Code Ann. § 10-7-505(e).  While this may be accurate, the issue falls under two exceptions to the mootness doctrine. *See generally Hatcher v. Chairman, Shelby County Election Comm'n*, 341 S.W.3d 258, 262 (Tenn. Ct. App. 2009).  Access to documents under the public records act is a matter of great public interest, and the need for an injunction as envisioned under Tenn. Code Ann. § 10-7-505(e) is a matter capable of repetition yet evading review.  Therefore, we choose to address the matter.